340 So.2d 528 (1976)
John L. JOHNS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-992.
District Court of Appeal of Florida, Second District.
December 15, 1976.
Jack O. Johnson, Public Defender, and Paul J. Martin, Asst. Public Defender, Bartow, for appellant.
*529 Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant reserved his right to appeal a denial of his motion for discharge under the speedy trial rule (Fla.R.Crim.P. 3.191) and pleaded nolo contendere to a charge of breaking and entering with intent to commit a misdemeanor. Probation followed. We reverse the denial of the motion for discharge.
Appellant was arrested on February 13, 1975 for the offense charged herein. On June 18, 1975 he and his codefendant, in a stipulation for continuance, waived their right to speedy trial expressly "until such time as their eligibility for Pre-Trial Intervention (PTI) has been determined." Appellant was thereafter informed on September 23, 1975 that he was not eligible for PTI while his codefendant learned on November 18, 1975 that he was eligible. On April 2, 1976, appellant filed his speedy trial motion for discharge, the denial of which we here review.
Concededly, a stipulation for extension of the speedy trial time works so as to lengthen the maximum period in which timely trial is required. Kniffin v. Hall, 262 So.2d 900 (Fla.2d DCE 1972). But it is not tantamount to a waiver altogether unless specifically denominated as such. Here, to the extent that the stipulation was a waiver, there was an express condition subsequent  determination of eligibility for PTI. This occurred, certainly, when the codefendant's eligibility was determined on November 18 if not when appellant's eligibility was determined (adversely) on September 23. The time meter then took up where it left off.
Having been arrested on February 13, 1975, and the time for making the determination for eligibility for PTI having consumed only 150 days at most, appellant's motion filed before trial and 414 days after arrest should have been granted. The state was then at least 84 days late.
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded with directions to forever discharge appellant from the charges herein.
McNULTY, C.J., and HOBSON and BOARDMAN, JJ., concur.