McCORD, Chief Judge.
This is an appeal from an order of the Circuit Court of Escambia County denying appellant’s suggestion for writ of prohibition directed to Honorable William C. Jones, County Judge of Escambia County. We affirm.
Appellant was arrested for three misdemeanor traffic violations on February 20, 1977. Trial was set for April 11. Thereafter by agreement of the parties and the trial judge, a two-day extension of the 90-day speedy trial period was granted, and the trial was reset for May 23. Thereafter, at the instance of appellant (defendant below), appellant and the state entered into a stipulation which stated that appellant, by his counsel, wished to stipulate for a continuance and waive his right to speedy trial until such time as his eligibility for pretrial intervention could be determined. The stipulation then stated:
“Subject to Court approval, the parties stipulate to a continuance of the trial presently scheduled for May 23, 1977. The Defendant specifically waives his right to a speedy trial until such time as his eligibility for pretrial intervention has been determined. As soon as the parties are informed as to the eligibility of the Defendant for pretrial intervention, the undersigned will advise the Court.” (Emphasis supplied.)
Thereafter, by his letter of May 4, the assistant state attorney wrote a letter to appellant’s counsel stating as follows:
“As I told you during our phone conversation of May 3, Judge Jones is disposed to grant your motion for a continuance, but is not disposed to sign the order granting the continuance. The judge will sign an order if a new order is prepared which omits any reference to the now-defunct misdemeanor pre-trial intervention program.
I am enclosing with this letter a carbon copy of the order you submitted to Judge Jones. I believe the order would be acceptable to the judge if you would delete Paragraph 4 and amend Paragraph 3 to include a blank space where the new trial date could be inserted. The Judge will probably want to re-set the trial for the June docket, during the week of June 20.”
Subsequently, the trial court entered an order on May 10 granting appellant’s motion for continuance without any reference to the misdemeanor pretrial intervention program and stated in the order:
*189 “This cause will be rescheduled for trial in a timely manner consistent with the Court’s calendar and counsel will be advised.”
Thereafter, on May 17, appellant’s attorney wrote the trial judge advising that he had learned that appellant was not eligible for pretrial intervention and that since the stipulation required that he advise the court, he was doing so by that communication. A copy was sent to the assistant state attorney. Thereafter, on July 6, appellant filed a motion for discharge under the provisions of Fla.R.Crim.P. 3.191(d)(2) contending that the time had expired within which appellant could be tried under the rule. The trial court denied the motion, and appellant sought writ of prohibition in the circuit court. The writ was denied, and this appeal was taken as aforesaid.
Appellant, relying upon Johns v. State, 340 So.2d 528 (Fla. 2 DCA 1976), contends that at the time he wrote his letter to the trial judge advising that he was not eligible for the pretrial intervention program, the clock began to run again on the original 90-day speedy trial period, and the time ran out before he moved for discharge. The facts in Johns, however, though parallel up to a point, vary in a material degree from those in the case sub judice. There, as here, the defendant waived his right to a speedy trial until such time as his eligibility for pretrial intervention had been determined. The Second District Court of Appeal ruled that, “The time meter then took up where it left off,” when defendant’s eligibility was determined adversely. The court’s opinion does not provide us with the wording of the court’s continuance order, but we presume that the court there approved the stipulation and based the continuance thereon. Here such is not the case. Here the court agreed to grant appellant a continuance but without any reference to the defunct misdemeanor pretrial intervention program. The order granting appellant’s motion for continuance stated that the case would be rescheduled for trial in a timely manner consistent with the court’s calendar.
The circuit court, in denying writ of prohibition, correctly applied the law of Negron v. State, 306 So.2d 104 (Fla.1974). As we interpret that opinion, when an open-ended continuance is granted to a defendant and the continuance is attributable to the defendant and is not excused, the meter on his speedy trial time starts anew and runs for a reasonable time but not more than 90 days.[1] Here, the order granting continuance was entered on May 10, and appellant’s motion for discharge was filed on July 6 — 33 days before the speedy trial time expired. The suggestion for writ of prohibition was filed July 26 — 14 days before the speedy trial time expired.
Petition for rehearing, if filed, shall be filed within 8 days from the date hereof.
AFFIRMED.
BOYER, J., and MASON, ERNEST E., Associate Judge, concur.

. Fla.R.Crim.P. 3.191(d)(3)