378 So.2d 121 (1980)
STATE of Florida, Appellant,
v.
Kevin Peter KUBESH and William Gopsill, Appellees.
Nos. 79-200, 79-201.
District Court of Appeal of Florida, Second District.
January 4, 1980.
Jim Smith, Atty. Gen., Tallahassee and James S. Purdy, Asst. Atty. Gen., Tampa, for appellant.
*122 Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellee Kubesh.
HOBSON, Judge.
The state appeals the trial court's order discharging appellees on speedy trial grounds. We find that there had been a waiver of speedy trial and reverse.
Appellees were arrested for possession of cannabis on May 13, 1978, and the speedy trial meter began ticking. On September 13, 1978, 123 days following arrest, informations were filed against appellees. On October 31, the 171st day following arrest, the meter was tolled, for on that date a continuance was stipulated to in order that appellees' eligibility for the pretrial intervention program could be determined. The order of continuance specifically provided that "the trial on the above cause, set for November 2, 1978 be and the same is hereby continued until the 5th day of January, 1979."
Another circuit judge filed an order on November 14, 1978, which provided that Kubesh's trial was reset for January 16, 1979. This order was apparently entered because Kubesh had been rejected for the PTI program.
On January 5, 1979, a brief hearing was held before the circuit judge who had continued the case. Because of its importance to our disposition of this appeal, we set out the full transcript of that hearing.
THE COURT: State of Florida versus Kevin Peter Kubesh. Now that has been reset, has it? Mr. Hillman?
MR. HILLMAN: I believe this has been set for the 16th on the A calendar. This is due to a PTI rejection.
THE COURT: State of Florida v. William Gordon Gopsill. Warren T. LaFray is the attorney.
MR. HILLMAN: Mr. LaFray is in the other courtroom. The problem was my case was rejected so early that they reset it at that time. He was rejected at a later date and has not been reset. I'm sure that the two cases are related so that would be more or less the same day.
THE COURT: That's continued to be reset and if he's in the courtroom Mrs. Pilott can set the date, too.
MR. HILLMAN: I can go get him?
THE COURT: I say I don't have the book to set the date on anyhow.
MR. HILLMAN: I discussed the case with him.
THE COURT: Are you trying for a mutual date?
MR. HILLMAN: Yes, sir.
THE COURT: Let's just order it to be set on the 16th on the A calendar and we'll so advise Mrs. Pilott.
THE BAILIFF: Is that 1/16, Your Honor?
THE COURT: Yes.
Both appellees filed motions for discharge pursuant to Fla.R.Crim.P. 3.191(a)(1) on January 15, 1979, which were granted the following day at the conclusion of a rather lengthy hearing.
The first issue presented for our consideration is whether the order of November 14, which reset Kubesh's trial for January 16, commenced the speedy trial meter.[1] Appellee contends that our holding in Johns v. State, 340 So.2d 528 (Fla. 2d DCA 1976), should control, arguing that it stands for the proposition that when a defendant is rejected for PTI the meter picks up where it left off. We disagree. We ruled that the speedy trial period was extended for a period equal to the duration of a continuance. The continuance in Johns was until the defendant's PTI eligibility could be determined. In the instant case, however, the continuance was until January 5. Our holding is that the speedy trial meter is tolled for the duration of a continuance, and it does not matter whether the continuance is until a condition subsequent, as in Johns, or until a date certain, as here. Thus, the order of November 14 did not *123 reinitiate the running of the speedy trial time.
The dispositive issue is whether the meter resumed ticking on January 5. If it did, then the 180-day period expired nine days later, on January 14, and discharge was proper. We find, however, that on the basis of what occurred on January 5 speedy trial was waived. There is no doubt that it was waived as to Gopsill because neither he nor his attorney appeared before the court on that date. Thus, they were not ready and available for trial. See State v. Exposito, 327 So.2d 836 (Fla. 3d DCA 1976), and Fla.R.Crim.P. 3.191(e).
We also conclude that Kubesh's attorney waived speedy trial. To begin with, his comments at the hearing on January 5 indicate that he was not prepared for trial, but that he and Gopsill's attorney were still attempting to agree on a mutual trial date. Moreover, he appears to have affirmatively accepted the announced January 16 trial date. Stuart v. State, 360 So.2d 406, 411 (Fla. 1978).[2] Therefore, the state had 90 days within which to bring appellees to trial. See Fla.R.Crim.P. 3.191(d)(3).
For the foregoing reasons, the trial court erred in entering the order discharging appellees. We reverse and remand for proceedings consistent with this opinion.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] The order only affected Kubesh. There is no doubt that speedy trial did not recommence on that date as to Gopsill.
[2] The instant case is not as clear-cut as the situation in State v. Nelson, 320 So.2d 835 (Fla. 2d DCA 1975), where defense counsel orally accepted in open court a continuance beyond the 180-day period. On the other hand, it is not the situation that we faced in Flournory v. State, 322 So.2d 652 (Fla. 2d DCA 1975), where the record was completely silent as to any acceptance of a resetting of trial for a date beyond the speedy trial deadline.