FERGUSON, Judge.
The defendants were arrested on November 10, 1981, and charged on December 1, 1981, in Count I with kidnapping one Berk *139 Lorenzo Jones, Jr. Unexcused defense continuances were granted on April 12, 1982, and June 14, 1982. On July 19, 1982, a new information was filed charging in two counts the kidnapping of Jones and one John Bryant. Additional defense continuances were granted on July 30, 1982, September 7, 1982, October 21, 1982, December 13,1982, and January 10,1983. On February 7, 1983, a third information was filed which was identical to the second information except for the addition of a third count charging extortion, naming Jones as the victim. The extortion charge was based on the same facts as gave rise to the charge in Count I of the information. On April 11, 1983, the defendants requested and were granted another unexcused continuance.
On May 2, 1983, the defendants filed a Motion to Dismiss the extortion charge (Count III) pursuant to Rule 3.191, Florida Rules of Criminal Procedure, on the ground that it was filed after 180 days from the date of their arrest. In granting the motion the trial court found:
... it appears to the Court .that more than 180 days has elapsed from the date of the defendants’ arrest. This Court specifically finds that all though (sic) the defense continuances effectively waived speedy trial of the original charge, Kidnapping, that waiver is not effective as to Count III, Extortion, of the Information filed February 7, 1983 which is a new and separate count arising out of the same fact situation. WHEREFORE, it is ORDERED AND ADJUDGED that the defendants’ Motion to Dismiss Count III is granted, [e.s.]
We agree with the trial court’s finding that the new offense arose out of the same criminal conduct or episode which supports the charges in Counts I and II. That finding requires us to reverse.
First, when a defendant is granted an unexcused continuance, the time limitations in the speedy trial rule are no longer applicable and the court has the right and authority to set the case for trial within a reasonable time. State ex rel. Butler v. Cullen, 253 So.2d 861, 863 (Fla.1971).
Second, the filing of a new information subsequent to a continuance granted to the defendant which charges a new offense does not vitiate the waiver of the speedy trial rule or revive the 180-day limitation, when the new offense is based upon the same conduct or criminal episode. Homer v. State, 358 So.2d 1176, 1177-78 (Fla. 3d DCA 1978), cert. denied, 364 So.2d 886 (Fla.1978).
Count I of the information charges a kidnapping and alleges:
[Defendants] between the 5th day of November, 1981, and the 11th day of November, 1981, ... without lawful authority, did then and there forcibly, secretly, or by threat, confine, abduct or imprison another person, to-wit: BERK LORENZO JONES, JR. ... for ransom or reward. ...
Count III of the information, which was dismissed by the trial court, charges extortion and alleges:
[Defendants] between the 5th day of November, 1981, and the 11th day of November, 1981,... did maliciously and fe-loniously verbally threaten an injury to the person of another, to-wit: BERK LORENZO JONES, JR., with the intent to extort MONEY....
It is clear that Count III arose from the same criminal conduct or episode as gave rise to Count I; therefore, the fact that this charge was filed more than 180 days after defendants’ arrest does not exclude it from the effect of the speedy trial waiver.
Reversed and remanded.