458 So.2d 312 (1984)
John Leroy MORROW, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1157.
District Court of Appeal of Florida, Fifth District.
September 20, 1984.
Rehearing Denied November 6, 1984.
*313 Leon B. Cheek, III, Casselberry, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The "speedy trial" rule, Florida Rule of Criminal Procedure 3.191, requires that a person charged with a felony crime offense be brought to trial within 180 days of being taken into custody or, upon motion, that he be discharged. Because the state attorney failed to cause the defendant to be tried within the required period of time and the trial judge failed during that time period to enter an order specifically extending that time period for exceptional circumstances, this court must order that he be discharged. The trial judge's order in another case (erroneously) declaring a statute unconstitutional (see State v. Kaufman, 430 So.2d 904 (Fla. 1983)), did not have the effect of automatically extending the speedy trial time period in this case.
A trial scheduling court conference is neither a trial date nor a proceeding at which the presence of the defendant is required by the rules or any order in this case. Therefore, the failure of the defendant and his counsel to attend a trial scheduling conference does not establish that the defendant was unavailable for trial under Rule 3.191(e). See Fulk v. State, 417 So.2d 1121 (Fla. 5th DCA 1982). Neither are the operative facts in State v. Kubesh, 378 So.2d 121 (Fla. 2d DCA 1980), present here.
The judgment of conviction herein is reversed, the sentence vacated and the defendant discharged.
REVERSED.
COBB, C.J., and DAUKSCH, J., concur.