THOMPSON, Judge.
Stewart filed a petition for writ of certio-rari to review an order of the circuit court which reversed a county court order granting his motion for discharge under the speedy trial rule.
Petitioner contends the circuit court misapplied the law with respect to the speedy trial rule. We have jurisdiction pursuant to Fla.R.App.P. 9.030(b)(2)(B), and approve the decision of the circuit court.
On June 13, 1983, petitioner was charged with grand theft, a felony. On December *102 2, 1983, approximately 150 days later, the petitioner waived his right to speedy trial by requesting a continuance. On January 17, 1984, the state nol prossed the felony information charging grand theft, and on January 24, 1984, filed a new misdemeanor information charging petit theft. Petitioner thereafter moved for discharge on speedy trial grounds and the motion was granted by the county court on March 21, 1984. The state appealed and the circuit court reversed.
A request by a defendant for a continuance prior to the expiration of the speedy trial time for the crime with which he is charged constitutes a waiver of speedy trial rights as to all charges arising from the criminal episode which gave rise to the original charge. Conner v. State, 398 So.2d 983 (Fla. 1st DCA 1981); Gallego v. Purdy, 415 So.2d 166 (Fla. 4th DCA 1982). The purpose of Fla.R.Crim.P. 3.191(h)(2) is to prevent the state from circumventing the speedy trial rule by nol prossing a charge prior to the expiration of the speedy trial period and then refiling a different charge based on the same criminal episode. It is not applicable under the facts of this case. We approve the decision of the circuit court, and decline to issue the writ.
We do feel that this case presents an issue of great public importance and therefore certify to the Supreme Court the following question:
IF THE STATE FILES A FELONY CHARGE AGAINST THE DEFENDANT AND THE DEFENDANT MOVES FOR A CONTINUANCE MORE THAN 90 DAYS BUT LESS THAN 180 DAYS AFTER HIS ARREST, AND THE STATE THEN NOL PROSSES THE FELONY CHARGE AND REFILES THE INFORMATION CHARGING A MISDEMEANOR, IS THE DEFENDANT ENTITLED TO AN IMMEDIATE DISCHARGE UNDER THE SPEEDY TRIAL RULE?
JOANOS and ZEHMER, JJ., concur.