491 So.2d 271 (1986)
Raymond STEWART, Petitioner,
v.
STATE of Florida, Respondent.
No. 67315.
Supreme Court of Florida.
July 17, 1986.
Michael E. Allen, Public Defender, Larry G. Bryant, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., Wallace Allbritton, Asst. Atty. Gen., Tallahassee, William N. Meggs, State Atty., Elaine K. Ashley, Asst. State Atty., Second Judicial Circuit, Tallahassee, for respondent.
McDONALD, Chief Justice.
The First District Court of Appeal has certified the following question as being one of great public importance:
IF THE STATE FILES A FELONY CHARGE AGAINST THE DEFENDANT AND THE DEFENDANT MOVES FOR A CONTINUANCE MORE THAN 90 DAYS BUT LESS THAN 180 DAYS AFTER HIS ARREST, AND THE STATE THEN NOL PROSSES THE FELONY CHARGE AND REFILES THE INFORMATION CHARGING A MISDEMEANOR, IS THE DEFENDANT ENTITLED TO AN IMMEDIATE DISCHARGE UNDER THE SPEEDY TRIAL RULE?
Stewart v. State, 470 So.2d 101, 102 (Fla. 1st DCA 1985). This Court has jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer in the negative and approve the opinion of the district court.
Stewart was arraigned on June 18, 1983 on the charge of grand theft. On December 2, 1983, approximately 157 days later, *272 Stewart requested a continuance, thereby waiving his rights under the speedy trial rule. Ziegler v. State, 402 So.2d 365 (Fla. 1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982); Mohler v. State, 466 So.2d 1233 (Fla. 2d DCA 1985); Fla.R.Crim.P. 3.191. On January 17, 1984 the state nol prossed the felony information charging grand theft and on January 21, 1984 filed a new misdemeanor information charging petit theft. Stewart then moved for a discharge on speedy trial grounds and the county court granted the motion. The state appealed and the circuit court reversed. On petition for writ of certiorari the district court approved the decision of the circuit court, but certified the instant question.
As the district court correctly stated, when a defendant requests a continuance prior to the expiration of the applicable speedy trial time period for the crime with which he is charged, the defendant waives his speedy trial right as to all charges which emanate from the same criminal episode. E.g., State v. Albanez, 448 So.2d 596 (Fla. 2d DCA 1984); Goldstein v. State, 447 So.2d 903 (Fla. 4th DCA 1984); State v. Cocalis, 443 So.2d 138 (Fla. 3d DCA 1983); State v. Jones, 404 So.2d 395 (Fla. 5th DCA 1981); Conner v. State, 398 So.2d 983 (Fla. 1st DCA 1981). Moreover, the district court correctly concluded that Florida Rule of Criminal Procedure 3.191(h)(2) is inapplicable under the facts of this case. The purpose of rule 3.191(h)(2) is to prevent the state from circumventing the speedy trial rule and extending the applicable time period by nol prossing a charge and refiling a new information when the time limit approaches. See Fyman v. State, 450 So.2d 1250 (Fla. 2d DCA 1984); Wright v. State, 387 So.2d 1060 (Fla. 5th DCA 1980). The state could not have violated rule 3.191(h)(2) by nol prossing the information when the defendant had already waived his rights under the rule. State v. Condon, 444 So.2d 73 (Fla. 4th DCA 1984); State v. Kerper, 393 So.2d 77 (Fla. 5th DCA 1981).
Further, we reject Stewart's argument that the speedy trial period in the instant case expired on day ninety. At the time Stewart requested the continuance, he stood charged with grand theft, for which the applicable speedy trial period was 180 days. Fla.R.Crim.P. 3.191(a)(1). Because Stewart requested the continuance within that period, the request constituted a timely waiver.
Accordingly, we answer the certified question in the negative and approve the opinion of the district court.
It is so ordered.
ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.