NIMMONS, Judge.
This is a certiorari proceeding to review the Jackson County Circuit Court’s affirmance of a county court order denying a motion to dismiss a DUI charge on speedy trial grounds. We grant the certiorari petition.
The trial court denied the motion to dismiss, the court basing its ruling on the defendant’s “unavailability for trial.” Fla. R.Cr.P. 3.191(d)(3) provides that a defendant’s “unavailability for trial” is a proper basis upon which to deny a motion for discharge under the Speedy Trial Rule. Under Rule 3.191(e), a defendant is unavailable for trial if the defendant or his counsel “fails to attend a proceeding where their presence is required by these Rules.”
The trial court’s finding of unavailability was based upon the defendant’s failure to appear in court on August 18, 1987 pursuant to the court's July 9,1987 order. However, it is quite apparent from a review of that order that the defendant’s presence was not required.
The July 9 order was a multipurpose order. It set a pretrial conference for July 21, 1987. However, it expressly provided for cancellation of the pretrial conference if either the defendant or state elected not to participate in such conference. It is clear from the record that that is what happened, and so there was no such conference.
The July 9 order further provided that if the parties chose not to have a pretrial conference, discovery must be completed and pretrial motions must be filed by August 18, 1987. The order further provided that trial would be scheduled for the week of August 24-28, 1987 and that “both parties shall advise the court on the 18th day of August, 1987 of the date selected for trial.” Clearly, the defendant was not required to appear in court on August 18.
In Morrow v. State, 458 So.2d 312, 313 (Fla. 5th DCA 1984), the court held that a trial-scheduling conference is not a proceeding at which the defendant’s presence is necessarily required in the absence of an order to that effect. Accordingly, the failure of the defendant and his counsel to attend such a conference did not establish unavailability. See also Fulk v. State, 417 So.2d 1121 (Fla. 5th DCA 1982) (held that nothing in an order setting date for motion/docket day required defendant’s presence, and defendant’s failure to appear at that proceeding did not establish- her unavailability); Walker v. State, 492 So.2d 772 (Fla. 1st DCA 1986) (defendant’s nonappearance at hearing on motions did not render him unavailable because neither court order nor rule required his presence).
We are mindful of the need to be very cautious in the exercise of our discretionary review of orders of the circuit court sitting in its appellate capacity. We embrace the view expressed by the Supreme Court that the “district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage *1130 of justice.” Combs v. State, 436 So.2d 93, 96 (Fla.1983). We are persuaded that the facts and circumstances as hereinabove set forth satisfy that strict standard.
Accordingly, the circuit court’s affirmance order is quashed and this cause is remanded to the circuit court with directions to remand to the trial court for entry of an order granting the defendant’s motion to dismiss.
SMITH, C.J., and MILLS, J., concur.