WEBSTER, Judge,
dissenting.
Appellant maintains that he is entitled to discharge under the speedy trial rule on either of two alternative legal theories. The majority only addresses one of those theories — whether the time within which a defendant must be brought to trial may be extended based upon a finding by the trial court that an “exceptional circumstance” has arisen after the 175-day speedy trial period has expired, during the 15-day recapture window. Although I disagree with both the majority’s analysis and its conclusion regarding that theory, I would find it unnecessary to address that theory because, in my opinion, appellant is clearly entitled to discharge on his alternative theory — that the trial court abused its discretion when it held that an “exceptional circumstance” had arisen. Accordingly, I dissent.
I. Lack of an “Exceptional Circumstance”
On June 7, 1995, appellant filed a facially sufficient motion alleging that he was entitled to discharge pursuant to Florida Rule of Criminal Procedure 3.191 (the speedy trial rule) because, through no fault of his own, he had not been brought to trial, although more than 175 days had passed since his arrest on felony charges. On June 13, fewer than five business days after the motion had been filed, the trial court held the hearing required by rule 3.191(p)(3), and set appellant’s trial for June 19, which was within the 10-day window afforded by that subdivision. Subsequently, on June 16, the state filed a motion requesting that the trial be postponed based on the “exceptional circumstance” that “the assigned prosecutor is not available due to medical condition requiring said prosecutor to remain home for two weeks due to physical illness.” Also on June 16, the trial court held an emergency hearing on the state’s motion.
At the June 16 hearing, “the assigned prosecutor” was present. While she was testifying about the nature of her sudden medical problem, appellant’s attorney agreed that she was “ill and [that] her illness [wa]s legitimate.” However, appellant’s attorney objected to any extension of the speedy trial period. During the hearing, the prosecutor who was representing the state told the trial court that he “st[oo]d in for counsel all the time and d[id] trials,” but that, based on “the severity of the charges ... and the complexity of the case,” he “felt ... that it would be a disservice and an injustice to the State to go forward ... with one weekend’s preparation” on June 19. The successor prosecutor said that it was for those reasons that the state was requesting an extension, but that he could “be prepared” and “available to try [the case] within seven days.” At that point, over the objection of appellant’s attorney, the trial court held that an “exceptional circumstance” had arisen, as contemplated by rule 3.191(Z), justifying an extension pursuant to rule 3.191(i). Accordingly, it continued the trial to July 17, on which date the trial commenced.
Appellant now argues that the trial court abused its discretion when it held that an “exceptional circumstance” had arisen, justifying an extension of the speedy trial period. Assuming for purposes of this argument that the majority’s interpretation of rule 3.191 is correct, I nevertheless agree that the trial court committed a clear abuse of discretion when it held that an “exceptional circumstance” had arisen.
Rule 3.191(i) provides that:
The periods of time established by this rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured:
[[Image here]]
(2) by written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances as hereafter defined in subdivision (f) [now subdivision (l) ].
Rule 3.191(i) reads:
As permitted by subdivision (i) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the *1279 court’s docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those that as a matter of substantial justice to the accused or the state or both require an order by the court. Such circumstances include:
(1) unexpected illness, unexpected incapacity, or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
(2) a showing by the state that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule;
(3) a showing by the state that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time;
(4) a showing by the accused or the state of necessity for delay grounded on developments that could not have been anticipated and that will materially affect the trial;
(5) a showing that a delay is necessary to accommodate a eodefendant, when there is reason not to sever the eases in order to proceed promptly with trial of the defendant; and
(6) a showing by the state that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
The trial court based its decision to set the trial beyond the recapture window afforded by rule 3.191(p)(3) on the fact that the assigned prosecutor was “medically incapacitated.”
A finding that an “exceptional circumstance” justifying extension of the speedy trial period exists is subject to the abuse of discretion standard of review. E.g., Talton v. State, 362 So.2d 686 (Fla. 4th DCA 1978), cert. denied, 370 So.2d 462 (Fla.1979). Applying that standard of review to the facts of this case, I am of the opinion that the trial court clearly abused its discretion when it held that such an “exceptional circumstance” had arisen.
The 15-day recapture window afforded by rule 3.191(p)(3) is actually “more properly viewed as two separate time periods, one for the hearing (five days) and one for trial (ten days).” Baxter v. Downey, 581 So.2d 596, 599 (Fla. 2d DCA 1991). Because the period within which the hearing must be held is less than seven days, “intermediate Saturdays, Sundays, and legal holidays [must] be excluded in the computation.” Fla. R.Crim. P. 3.040. See State v. Edwards, 528 So.2d 120 (Fla. 5th DCA), review denied, 534 So.2d 399 (Fla.1988); Ricci v. Parker, 518 So.2d 284 (Fla. 2d DCA 1987), review denied, 519 So.2d 988 (Fla.1988). The hearing on appellant’s motion for discharge was timely held on June 13, because the motion had been filed on June 7, which was a Wednesday, and the intermediate Saturday and Sunday had to be excluded from the computation. Accordingly, pursuant to rule 3.191(p)(3), the trial could have been commenced as late as June 23, ten days after the June 13 hearing. Edwards; Ricci. At the emergency hearing held on June 16, the successor prosecutor said that, while he could not be ready in three days (by June 19), he could be ready in seven (or, by June 23). Thus, by the state’s own concession, it could have been prepared to try the case within the recapture window. Given this concession, I can perceive no justification for the trial court’s decision to postpone the trial until July 17, which was well outside the recapture window. While the sudden and unexpected medical emergency experienced by the prosecutor originally assigned to the ease might have been a sufficiently “exceptional circumstance” to justify an extension of the speedy trial period pursuant to rule 3.191(i )(1) had it been established that her “presence ... [wa]s uniquely necessary for a full and adequate trial,” the trial court made no such finding. In fact, had it made such a finding, it seems to me that it would have been clearly erroneous in light of the successor prosecutor’s representations that he “st[oo]d in for counsel all the time and d[id] trials,” and that he “e[ould] be prepared to try this case” and “available to try it within seven days.” Because of this concession by *1280 the state, I would hold that the trial court abused its discretion when it extended the speedy trial period, postponing the trial more than three weeks beyond the end of the recapture window. Such a holding would, of course, render it unnecessary to address the issue which is the subject of the majority’s opinion. However, because I believe that the majority has incorrectly analyzed that issue, leading it to reach an erroneous conclusion, I shall now express my views with regard thereto.
II. “Exceptional Circumstance” Extension Not Permitted During Recapture Window
Appellant filed a motion claiming that he had not been brought to trial within 175 days of his arrest on felony charges. Rule 3.191(a) states that, when a felony trial is not commenced within 175 days of the arrest, “the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p).” Subdivision (p) requires that, before the remedy set out in paragraph (3) is applied, the trial court make the inquiry set out in subdivision (j). Subdivision (j) states that
a pending motion for discharge shall be granted by the court unless it is shown that:
(1) a time extension has been ordered under (i) and that extension has not expired;
(2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
(3) the accused was unavailable for trial under subdivision (k); or
(4) the demand referred to in subdivision (g) is invalid.
No “time extension ha[d] been ordered under (i)” before appellant filed his motion for discharge. Likewise, none of the other circumstances identified in subdivision (j) as sufficient to prevent granting appellant’s motion for discharge existed. Accordingly, it would appear that appellant was entitled to the remedy set forth in rule 3.191(p)(3) — i.e., a trial which commenced within the recapture window. Because that did not occur, it would seem, further, that appellant was entitled to “be forever discharged from the crime[s]" with which he was charged, as contemplated by that provision.
The majority concludes that appellant was not entitled to be discharged because the trial court properly granted a motion filed by the state after the 175-day speedy trial period had expired, requesting an extension of the speedy trial period because of an “exceptional circumstance” that arose after the 175-day period had expired. It reaches this conclusion based upon what it finds to be “the plain language of the rule.” In particular, it determines that the first sentence of rule 3.191(i), which states that “[t]he periods of time established by this rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured,” was intended to permit an extension of the 175-day speedy trial period based upon the occurrence of an “exceptional circumstance” after that period has run, provided that the 15-day recapture window afforded by rule 3.191(p)(3) has not yet run. I am unable to agree.
It seems to me relatively clear from a reading of the entire rule that the phrase “periods of time” in rule 3.191(i) is intended to refer to the speedy trial periods set out in subdivisions (a) and (b) — i.e., 90 days without demand if the offense charged is a misdemeanor, and 175 days if it is a felony; and 60 days following a demand. The phrase is not intended to include the 15-day recapture window afforded by rule 3.191(p)(3). Every other court which has addressed this precise issue has so held. Tascarella v. Seay, 564 So.2d 205 (Fla. 4th DCA), review denied, 569 So.2d 1280 (Fla.1990); Vallieres v. Grossman, 573 So.2d 196 (Fla. 4th DCA 1991); J.T. v. State, 601 So.2d 283 (Fla. 3d DCA 1992); Heller v. State, 601 So.2d 642 (Fla. 3d DCA 1992). Thus, the speedy trial period may not be extended because of an “exceptional circumstance” which arises during the recapture window, but after the speedy trial period has run. I find further support for such a reading in the history of the rule.
As initially adopted, rule 3.191 (then 1.191) included no recapture window. In re Florida Rules of Criminal Procedure, 245 So.2d 33 (Fla.1971). A defendant was entitled to automatic discharge if not brought to trial *1281 within the speedy trial period unless, prior to its expiration, the trial court had entered an order extending the period for one of the specified reasons. E.g., Morrow v. State, 458 So.2d 312 (Fla. 5th DCA 1984). The substance of what is now subdivision (p) was added to the rule in 1984. The Florida Bar Re: Amendment to Rules — Criminal Procedure, 462 So.2d 386, 387-88 (Fla.1984). As this court has previously stated, the intent behind that addition was to prevent defendants from going free because a prosecutor had merely overlooked the speedy trial deadline, by affording the state a fair opportunity to bring the defendant to trial — i.e., by affording a brief recapture window. State v. Agee, 588 So.2d 600, 604 (Fla. 1st DCA 1991), approved, 622 So.2d 473 (Fla.1993). Such an intent is clear from the Committee Note:
The intent of (i)(4) [now (p)(3) ] is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge....
This section provides that, upon failure of the prosecution to meet the mandated time periods, the defendant shall file a motion for discharge, which will then be heard by the court within 5 days. The court sets trial of the defendant within 10 additional days. The total 15 day period was chosen carefully by the committee, the consensus being that the period was long enough that the system could, in fact, bring to trial a defendant not yet tried, but short enough that the pressure to try defendants within the prescribed time period would remain. In other words, it gives the system a chance to remedy a mistake; it does not permit the system to forget about the time constraints. It was felt that a period of 10 days was too short, giving the system insufficient time in which to bring a defendant to trial; the period of 30 days too long, removing incentive to maintain strict docket control in order to remain within the prescribed time periods.
462 So.2d at 388.
It seems to me relatively clear that the 15-day recapture window afforded by what is now rule 3.191(p)(3) was intended to provide the state with a grace period of last resort to save its case from dismissal for failure to comply with the time periods mandated by the speedy trial rule. A prosecutor who must rely on the 15-day recapture window does so at his or her peril if the trial cannot be scheduled within that window through no fault of the defendant. To permit the state to extend the speedy trial period after it has run, during the recapture window, would be inconsistent with the limited nature of the relief intended by that provision. A strict interpretation of the provision reinforces the state’s obligation under the rule to bring the defendant to trial within the speedy trial period, or to file a motion seeking an extension of that period before it has run.
It might appear that the interpretation I am suggesting exalts form over substance. However, one must remember that the “speedy trial rule was promulgated in order to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial.” Lewis v. State, 357 So.2d 725, 727 (Fla.1978). In this case, the state has only itself to blame for its predicament. Appellant was arrested on November 30, 1994, for offenses which occurred on September 7 of that year. The initial information was not filed until March 27, 1995; and appellant was not arraigned until April 18, 1995, when he entered not guilty pleas. At the hearing on the state’s motion to extend the speedy trial period, held on June 16, 1995, appellant’s counsel represented that the state had done nothing to move the case to trial between the arraignment and June 7, 1995, when appellant’s motion for discharge was filed. The state did not dispute that representation, and the record does not reflect any activity. In my opinion, it is clear from the record that this is not a case where the state was diligently moving toward trial, and merely overlooked the speedy trial deadline. Rather, this is precisely the type of case for which the speedy trial rule was designed.
III. Conclusion
I would reverse and remand, with directions that appellant’s convictions and sen *1282 tences be vacated, and that appellant be discharged. I would base the decision on the conclusion that the trial court clearly abused its discretion when it granted the state’s motion to extend the speedy trial period, thereby making it unnecessary to reach the issue addressed by the majority. Because the majority affirms, I dissent.