KLEIN, J.
Appellant entered a plea to attempted capital sexual battery, reserving his right to appeal the issue of whether the trial court should have granted his motion to discharge based on a speedy trial violation. We affirm.
Appellant was arrested and incarcerated on April 4, 1995. On June 21, his counsel made the following request for a continuance of the trial:
Judge, this is a capital sexual battery case. I’ve talked to [the state] and I’ve asked that this could be continued, we’ll waive speedy trial, until August the 30th, rather than August 2nd.
The court granted the continuance.
Rule of Criminal Procedure 3.191(a) provides that a defendant has a right to a speedy trial within 175 days of being arrested for a felony. Without the continuance, the 175 days would have run in this case on September 26. On October 23, 1995, the state nol prossed the case. More than one year later, on November 20,1996, an information was filed based on the same occurrence, and appellant moved for discharge on the ground that his right to a speedy trial under rule 3.191(a) had run. The trial court denied the motion.
Appellant argues that his request for a continuance was not a waiver of the right to speedy trial, but was rather a request for a twenty-eight day continuance. According to appellant, the speedy trial period was thus simply extended by twenty-eight days and continued to run, even after the state nolle prossed. He cites State v. Agee, 622 So.2d 473 (Fla.1993), in which the defendant had filed a demand for a speedy trial and in which our supreme court held that the period continues to run after the state nolle prosses. Under Agee, once the period has expired, the state may not refile the charges. The Agee reasoning was applied to speedy trial without demand under rule 3.191(a) in Reed v. State, 649 So.2d 227 (Fla.1995).
In Stewart v. State, 491 So.2d 271, 272 (Fla.1986), our supreme court held that “when a defendant requests a continuance prior to the expiration of the applicable speedy trial time period for the crime with which he is charged, the defendant waives his speedy trial right as to all charges which emanate from the same criminal episode.”
Appellant relies on State v. Kubesh, 378 So.2d 121, 122 (Fla. 2d DCA 1980), in which the court stated that the “speedy trial meter” was “tolled” on the date “a continuance was stipulated to in order that appellees’ eligibility for the pretrial intervention program could be determined.” See also Johns v. State, 340 So.2d 528 (Fla. 2d DCA 1976). We conclude that Kubesh and Johns are distinguishable from Stewart because they involved stipulations for tolling of the speedy trial period. In the present case, the record does not reflect a stipulated tolling, but rather a request for a continuance by the appellant. This constituted a waiver of speedy trial under Stewart. We therefore affirm.
WARNER, C.J., and TAYLOR, JJ., concur.