993 So.2d 1072 (2008)
Andrew NELSON, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 4D08-1751, 4D08-1753.
District Court of Appeal of Florida, Fourth District.
September 3, 2008.
Opinion Denying Rehearing and Granting Certification November 19, 2008.
*1073 Lorena Valenzuela of Law Firm of Glantz & Glantz, P.A., Plantation, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for respondent.
*1074 WARNER, J.
The petitioner seeks to prohibit the trial court from continuing his prosecution in two separate cases based upon the right to a speedy trial discharge. The state claims that he waived his rule-based speedy trial rights by moving for a continuance in his first-filed juvenile case arising out of the same criminal episode. Because his motion for continuance occurred after the speedy trial time period had already run, we conclude that it did not have the effect of waiving his right to discharge. As both of his adult cases were either filed or refiled after the expiration of the adult speedy trial time period, we grant the petitions and order petitioner's discharge.
Petitioner was arrested on May 16, 2007, when an officer stopped his vehicle and discovered weapons in the trunk and two pistols in petitioner's pockets. The probable cause affidavit listed the violations as armed burglary and carrying a concealed weapon. On June 6, 2007, the state filed a petition for delinquency, charging petitioner with grand theft of the two pistols found on his person and with carrying a concealed firearm. The ninety-day juvenile speedy trial period of Florida Rule of Juvenile Procedure 8.090(a) expired on August 13, 2007. However, the case was called for trial on August 15, 2007, at which time petitioner's counsel requested a continuanceafter the expiration of the juvenile speedy trial period.
The 175-day adult speedy trial period for the charges ran on November 6, 2007. Three days later, on November 9, 2007, the state direct filed an information in felony court charging petitioner with one count of armed burglary of a dwelling and twelve counts of grand theft of various firearms (case no. 07-22153). The information alleged that this occurred on May 5, 2007, although the state contended that this was a typographical error and that the burglary actually occurred on May 15, 2007.
The state filed a nolle prosequi of the juvenile petition on November 27, 2007, and on December 6, 2007, it filed a felony information charging the exact same counts of grand theft and carrying a concealed firearm as were contained in the juvenile petition, alleging the offense date of May 16, 2007 (case no. 07-23487).
On March 3, 2008, petitioner filed a motion for discharge in case no. 07-22153, the armed burglary and theft charges, and on March 6, 2008, he filed a similar motion for discharge as to the theft and concealed firearm charges, case no. 07-23487.
The trial court held hearings on both motions and denied them, finding the defense continuance, which had been taken after expiration of the speedy trial time in the juvenile case, waived speedy trial for all charges arising from the same criminal episode. From this order, petitioner filed a petition for writ of prohibition in each case, seeking to prohibit his further prosecution. We consolidated both petitions for the purposes of this opinion. We grant the petitions.
The trial court determined that petitioner's motion to continue the juvenile proceeding after the juvenile speedy trial period ran constituted a waiver of speedy trial for all charges. We disagree. A request for a continuance after a speedy trial period has run but before moving for discharge does not affect a defendant's right to demand his speedy trial rights. State v. Leslie, 699 So.2d 832 (Fla. 3d DCA 1997). In Leslie, the state did not file the information until 177 days after Leslie's arrest. Although Leslie's attorney requested a continuance of the trial for purposes of taking discovery after the filing of the information but before moving for discharge, the Third District held that the *1075 request for continuance after the expiration of the speedy trial period did not affect the defendant's right to seek discharge. See also Von Waldner v. State, 860 So.2d 1061 (Fla. 5th DCA 2003); Ryan v. State, 768 So.2d 19 (Fla. 3d DCA 2000).
In Stewart v. State, 491 So.2d 271, 272 (Fla.1986), the court explained the rule as follows: "[W]hen a defendant requests a continuance prior to the expiration of the applicable speedy trial time period for the crime with which he is charged, the defendant waives his speedy trial right as to all charges which emanate from the same criminal episode." (emphasis supplied). The speedy trial time for the crime with which the petitioner was charged was the juvenile speedy trial time period, and petitioner did not request a continuance until after the period had expired. Thus, the continuance had no effect on the running of the speedy trial time for the juvenile proceeding, nor did it waive his speedy trial right as to any other charges emanating from the same criminal episode.
If the continuance has no effect, we must next consider whether the filing of the juvenile petition as to two charges affects the later filing of the adult charges. Both the state and the petitioner appear to agree that all charges arose from the same criminal episode, that is, the armed burglary and theft of the guns from the home of the victim.
In case no. 07-22153, the armed burglary and grand theft charges, the charges were filed after the expiration of the speedy trial period. Fla. R.Crim. P. 3.191(a). Where charges are not filed until after the speedy trial period runs, the state is not entitled to the recapture period of the rule, and the defendant is entitled to discharge. State v. Williams, 791 So.2d 1088 (Fla.2001). Even if the filing of the juvenile petition could be considered the initiation of charges which the state could amend (a point we need not decide), the adult charges of armed burglary and the various firearms found in the truck are new and different from the charges in the juvenile petition. Precedent dictates that, absent waiver of speedy trial rights, the defendant is entitled to discharge from any new charges arising from the same criminal episode filed after the expiration of the speedy trial period. State v. D.A., 939 So.2d 149, 151 (Fla. 5th DCA 2006); State v. Clifton, 905 So.2d 172, 178-79 (Fla. 5th DCA 2005); Pezzo v. State, 903 So.2d 960, 962 (Fla. 1st DCA 2005) ("[A]lthough the state may amend an information after the speedy trial time expires, the state may not ... then amend[] an existing information in such a way that results in the levying of new charges (if those new charges arise from the same facts and circumstances giving rise to the original charge)."). Whether these charges are considered the original initiation of proceedings or an amendment to the original juvenile filing, they are new charges filed after the expiration of the speedy trial period, and petitioner is entitled to discharge without the recapture period.
As to case no. 07-23487, the speedy trial period ran on August 13, 2007. Petitioner did not file a motion for discharge. Had he done so the state would have been entitled to the recapture period to bring him to trial. See Fla. R. Juv. P. 8.090(m). Instead, the state nolle prossed the juvenile charges on November 27, 2007, and then refiled adult charges on December 6, 2007. Because the state filed the nolle prosse, and the speedy trial period had already expired, it was not entitled to refile charges based upon the same conduct after the period expired. See State v. Agee, 622 So.2d 473, 475 (Fla.1993). Petitioner is likewise entitled to discharge on the charges in case no. 07-23487 without observance of the recapture period.
*1076 There is some reference in the record that the state was awaiting DNA testing before it could charge the petitioner with the armed burglary. It could have requested an extension of the speedy trial period under Florida Rule of Criminal Procedure 3.191(i) & (l) if it had used diligent efforts to obtain the evidence but could not secure it. However, it did not do so, and we are left with no choice but to observe the dictates of the rule.
The petitions are granted, and the case is remanded with directions to discharge the petitioner.
GROSS and HAZOURI, JJ., concur.

ON MOTION FOR REHEARING
WARNER, J.
In its motion for rehearing, the state cites to us State v. Naveira, 873 So.2d 300 (Fla.2004), which it did not include in its original response. We deny the motion, as we do not think that Naveira changes our opinion but we certify a question to the supreme court as one of great public importance.
In Naveira the state filed its information charging the defendant with sexual battery on the 175th day after the defendant's arrest. Five days later the defendant filed a notice of expiration of the speedy trial time under Florida Rule of Criminal Procedure 3.191(p)(2). Two days later the trial court held a hearing on the notice of expiration, and at the hearing the state requested that the trial be set the following week. Defense counsel argued that he could not be ready, but the court set the trial. Naveira then moved for a continuance of the trial, arguing that it should be charged to the state. The trial court granted the motion for continuance and charged it to the state. Later it granted Naveira's motion for discharge under the speedy trial rule. The case was appealed twice. See State v. Naveira, 768 So.2d 1254 (Fla. 1st DCA 2000); State v. Naveira, 807 So.2d 766 (Fla. 1st DCA 2002). In the second appeal, the First District upheld the discharge under the speedy trial rule.
In its opinion, the supreme court quashed the opinion of the First District upholding the defendant's discharge. State v. Naveira, 873 So.2d 300 (Fla.2004). The court noted that rule 3.191 governs only the time for bringing a defendant to trial, not the time for filing a charging document. The court adhered to its prior holding that a state cannot charge the defendant after the speedy trial period expires. See State v. Williams, 791 So.2d 1088 (Fla.2001). However, it then explained that under the rule the defendant is not entitled to an automatic discharge. Instead, the rule provides that the defendant may invoke the recapture provisions of rule 3.191(p), which then impose deadlines upon the trial court and the state to bring the case to trial. The trial court must hold a hearing on the notice within five days, and the defendant must be brought to trial within ten days of the hearing on the notice, unless one of the grounds in rule 3.191(j) exists to excuse compliance with the rule. One of those reasons is the unavailability of the defendant under rule 3.191(k). That rule provides, in part: "A person is unavailable for trial if ... the person or counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for in this rule is not entitled to be discharged." (emphasis supplied).
The court applied these rules to Naveira. It noted that the state was required to bring him to trial within 175 days of his arrest. The state filed its information on the 175th day. Naveira then invoked the rule by filing his notice of expiration. *1077 When the trial court and the state complied with the recapture period by holding the hearing within five days and setting the trial thereafter within ten days, Naveira filed a motion for continuance. The court held that Naveira was not ready for trial on the date trial was scheduled and requested a continuance. Therefore under rule 3.191(k) he was unavailable and not entitled to be discharged.
The court noted that the rule-based right to speedy trial was "not coextensive with the broader constitutional right to a speedy trial." Naveira, 873 So.2d at 308. It relied on the language of the rule itself to conclude that the rule-based speedy trial right was not violated in Naveira's case.
While the state posits that Naveira stands for the proposition that any post-speedy trial expiration motion for continuance by a defendant waives his or her rights under the rule, we are not certain Naveira goes that far. Naveira invoked the "notice of expiration" and thus the state's very limited right of recapture. Those provisions invoke specific deadlines, and a request for continuance once a defendant has insisted upon his rule-based speedy trial rights constitutes a waiver of those rights. See also State v. Gilliam, 884 So.2d 128 (Fla. 2d DCA 2004).
Here, however, Nelson had not invoked the notice of expiration. He moved for a continuance of a trial scheduled beyond the speedy trial period. The supreme court in Naveira relied on the defendant's unavailability to justify its result. The rule requires that a person be unavailable during the term provided for in this rule. There is no showing that the defendant was unavailable during the ninety-day term of the rule, and since no notice of expiration had been filed, there was no showing of unavailability during the right of recapture period which briefly extends the "term" of the rule. Thus, in this case the motion for continuance of the trial filed after the speedy trial term expired but before any notice of expiration was filed has no effect.
We also reach this conclusion based on Stewart v. State, 491 So.2d 271, 272 (Fla.1986), which holds, as set forth in our majority opinion, that "when a defendant requests a continuance prior to the expiration of the applicable speedy trial time period for the crime with which he is charged, the defendant waives his speedy trial right as to all charges which emanate from the same criminal episode." (emphasis added). Naveira did not discuss Stewart, and the court has warned us that it does not overrule its prior precedent sub silentio. See Puryear v. State, 810 So.2d 901, 905 (Fla.2002). We thus must harmonize both holdings, which we have done in this opinion, by concluding that a motion for continuance is a nullity when filed after the speedy trial period has expired but before the notice of expiration invokes the right of recapture. See State v. Leslie, 699 So.2d 832 (Fla. 3d DCA 1997).
Nevertheless, we are sufficiently unsure of the extent of the Naveira holding on post-expiration waivers of the speedy trial rule and whether the court would recede in part from its holding in Stewart based upon Naveira that we certify a question of great public importance to the court:
DOES A MOTION FOR CONTINUANCE MADE AFTER THE EXPIRATION OF THE SPEEDY TRIAL PERIOD BUT BEFORE A DEFENDANT FILES A NOTICE OF EXPIRATION UNDER THE RULE, WHICH ACTIVATES THE RIGHT OF RECAPTURE PERIOD, WAIVE A DEFENDANT'S SPEEDY TRIAL RIGHTS UNDER THE RULE?
GROSS and HAZOURI, JJ., concur.