WHATLEY, Judge.
 

 Michael Dale Jones appeals the denial of his motion for postconviction relief. We reverse and remand for further proceedings.
 

 In his motion, Jones raised three grounds, but in this appeal he addresses the denial of only one of those grounds.
 
 [1]
 
 That ground was that his trial counsel was ineffective for failing to move for discharge upon expiration of the speedy trial period. The trial court ruled that Jones failed to show that counsel’s performance was deficient because the record reflects that counsel moved for a continuance, which waived Jones’ speedy trial rights.
 

 Jones argues that the motion for continuance was made after the speedy trial period ran, and therefore, it did not affect his right to demand his speedy trial rights. Jones is correct.
 
 See Nelson v. State,
 
 993 So.2d 1072, 1074 (Fla. 4th DCA 2008) (“A request for a continuance after a speedy trial period has run but before moving for discharge does not affect a defendant’s right to demand his speedy trial rights.” (citing
 
 State v. Leslie,
 
 699 So.2d 832 (Fla. 3d DCA 1997))).
 

 The State responds that Jones’ motion failed to show either deficient performance of trial counsel or prejudice because it failed to allege that he was ready for trial on the 175th day and that he would not have been tried during the fifteen-day recapture period. Jones’ motion is in fact legally insufficient in these respects. Nevertheless,
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), requires that we reverse and remand with directions that this claim be stricken with leave to amend within a specific period of time.
 
 See Smith v. State,
 
 988 So.2d 693 (Fla. 2d DCA 2008) (reversing summary denial of two grounds of Smith’s motion for postconviction relief based on legal insufficiency because Smith failed to allege that the State could not have brought him to trial within
 
 *1284
 
 the recapture period; remanding pursuant to Spera).
 

 Accordingly, we reverse the order denying ground three and remand for further proceedings consistent with this opinion and
 
 Spera.
 
 We affirm the subsequent order denying grounds one and two of Jones’ motion after an evidentiary hearing.
 

 Affirmed in part; reversed in part; and remanded with directions.
 

 FULMER, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.
 

 [1]
 

 . In his initial motion, Jones raised a ground regarding his sentence in another case in which he was sentenced on the same day. However, in his amended motion, Jones abandoned that ground because of the fact that it concerned another case.