495 So.2d 200 (1986)
Wilson GORDON, Jr., Petitioner,
v.
The Honorable Kenneth M. LEFFLER, Circuit Judge, Eighteenth Judicial Circuit, IN and FOR SEMINOLE County, Florida, Respondent.
No. 86-1253.
District Court of Appeal of Florida, Fifth District.
August 21, 1986.
Rehearing Denied September 24, 1986.
*201 J. Christopher Ray, Sanford, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, Belle Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
SHARP, Judge.
Gordon files a petition for writ of prohibition seeking discharge under the speedy trial rule[1] from prosecution for criminal charges involving sale and possession of a controlled substance, which stem from his arrest on December 5, 1984. Based on the record before us, we issue the writ.
On December 5, 1984, law enforcement officials came to Gordon's home to question him about the sale of a controlled substance. The transcript of the record made at Gordon's hearing on his motion for discharge contains conflicting statements by the witnesses as to whether or not he was arrested for the sale and possession offenses that day. However, the trial court entered an order on July 14, 1986, which declared that Gordon had been arrested on December 5, 1984. He found:
This cause came on to be heard July 9, 1986, during which the court received testimony of the Defendant and the officers who arrested the Defendant Dec. 5, 1984. (Emphasis supplied).
We are bound by the trial court's fact findings that an arrest occurred on December 5, 1984. Therefore, this case is distinguishable from Griffin v. State, 474 So.2d 777 (Fla. 1985), cert. denied, Griffin v. Florida, ___ U.S. ___, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986), and Snow v. State, 399 So.2d 466 (Fla. 2d DCA 1981), where no arrest occurred.
Under applicable case law, the date of the arrest triggers the running of the time periods under the speedy trial rule within which a defendant must be brought to trial by the state, or be discharged from prosecution.[2] Gordon filed a motion for discharge on July 3, 1986. A hearing was set on July 8, 1986, and the court reserved its ruling. Thereafter, the motion was denied on July 14, 1986, by the above quoted order. Gordon's trial was then scheduled for July 22, 1986.
We need not decide in this case whether or not the revised speedy trial rule, effective January 1, 1985, or the prior speedy trial rule applies to this case, because the result under both is the same.[3] Under the prior rule, Gordon was not brought to trial within 180 days following his arrest. His motion for discharge was filed after the 180 days had run. Under the revised rule, the state failed to bring him to trial within fifteen days after the date his motion for discharge was filed. Both rules mandate that the trial court lost jurisdiction to prosecute petitioner for the offense for which he was arrested on December 5, 1984.[4]
Accordingly, we issue the writ of prohibition and order that petitioner be discharged.
WRIT ISSUED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.191(a)(1).
[2] See State v. Brandt, 460 So.2d 444 (Fla. 5th DCA 1984), review denied, 467 So.2d 999 (Fla. 1985); Bannister v. State, 382 So.2d 77 (Fla. 5th DCA 1980).
[3] Cf. McKnight v. Bloom, 490 So.2d 92 (Fla. 3rd DCA 1986); State v. Green, 473 So.2d 823 (Fla. 2d DCA 1985).
[4] Fla.R.Crim.P. 3.191(i)(4).