518 So.2d 284 (1987)
Salvatore J. RICCI, Petitioner,
v.
The Honorable James S. PARKER, Circuit Court Judge of the Twelfth Judicial Circuit in and for Sarasota County, Florida, Respondent.
No. 87-1954.
District Court of Appeal of Florida, Second District.
September 4, 1987.
*285 Dana J. Watts, Special Appointed Public Defender, Sarasota, for petitioner.
Frank Schaub, State Atty., and Charles E. Roberts, Asst. State Atty., Sarasota, Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Salvatore J. Ricci petitions this court for a writ of prohibition barring the circuit court from proceeding with trial in violation of Florida Rule of Criminal Procedure 3.191. We deny the petition.
Ricci's motion for discharge was filed Wednesday, June 24, 1987. According to rule 3.191(i)(4), the court was required to hear that motion no later than five days from the date of filing. However, in the present case, the hearing was not scheduled until Wednesday, July 1, the seventh day. The state conceded that there had been no waiver by Ricci of his right to a speedy trial, and agreed that the court needed to schedule trial within ten days as specified by the rule. Ricci did not claim prejudice because his hearing was two days late, but he did object to the state's suggested trial date of Monday, July 13. Ricci argued that the trial could be held at the latest on Thursday, July 9, fifteen days from the filing of the motion for discharge.
The state contended that neither the hearing on the motion for discharge nor the July 13 trial date was untimely due to Florida Rule of Criminal Procedure 3.040, which states as follows:
In computing any period of time prescribed or allowed by these rules, except Rules 3.130 and 3.131, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday or legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
This rule affected the state's time calculations in two ways. First, when figuring the deadline for hearing Ricci's motion for *286 discharge, the state was not required to include the weekend which fell between Ricci's motion and the hearing. Then, because they had ten days from the hearing to set trial, based on the plain language of rule 3.191(i)(4), and because the tenth day (July 11) was a Saturday, the deadline for trial was extended to the following Monday. The circuit court set the trial for July 13 and this petition followed.
The extension of Ricci's trial date from Saturday to Monday, based on rule 3.040, does not trouble us. Historically, rule 3.191 has been construed in harmony with rule 3.040. Prior to the 1984 amendment of the speedy trial rule, once 180 days elapsed between arrest and trial a defendant who filed a timely motion and who had not waived his rights under the rule was entitled to absolute discharge. However, if the 180th day fell on a weekend or holiday, the state still could avoid discharge if the defendant could be tried on the next business day. State ex rel. Williams v. Bruce, 327 So.2d 51 (Fla. 1st DCA 1976). Thus, the rule did not provide a strict 180-day period of limitations in all cases. We have no reason to believe the law should be any different today under the revised speedy trial rule with its "window of recapture." The rule still requires discharge if the defendant cannot be tried by a certain date, now the tenth day following the discharge hearing, but it contains no suggestion that this deadline could be shortened by weekends or holidays. The only provisions in the rules of criminal procedure specifically exempted from the effect of rule 3.040 are those dealing with first appearance hearings and pretrial release. Fla.R.Crim.P. 3.130, 3.131.
Whether or not rule 3.040 supports the state's position in the present case requires additional analysis. If, as Ricci suggests, the speedy trial rule allows a maximum of fifteen days to try a defendant after a valid motion for discharge is filed, Ricci is entitled to discharge because the fifteenth day, July 9, was a Thursday. If, on the other hand, the speedy trial rule contemplates two separate time calculations, one for the discharge hearing and one for any subsequent trial, the trial court did not violate Ricci's rights under the rule by setting trial on the nineteenth day.
Although rule 3.191(i)(4) does not set forth a five-day limit followed by a ten-day limit, it is less clear whether the intent behind the rule was to effect a total fifteen-day grace period, or whether the rule contemplates no more than a timely trial after a timely hearing. The committee note to the rule does state that its purpose was "to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge."[1] Further support for the fifteen-day position comes from dicta found in Lenard v. Moxley, 497 So.2d 973 (Fla. 5th DCA 1986), and Gordon v. Leffler, 495 So.2d 200 (Fla. 5th DCA 1986), petition for review denied, 503 So.2d 327 (Fla. 1987). On the other hand, the state correctly points out that rule 3.191(i)(4) nowhere mentions in so many words a fifteen-day limit. The supreme court, adopting the 1984 revisions to the speedy trial rule, did not adopt the committee note to the new rule. The Florida Bar Re: Amendment to Rules  Criminal Procedure, 462 So.2d 386 (Fla. 1984). In Apolinari v. Ulmer, 483 So.2d 75 (Fla. 2d DCA), petition for review denied, 492 So.2d 1335 (Fla. 1986), this court gave that note persuasive effect when we concluded that the burden for scheduling a timely hearing on a motion for discharge fell upon the state and not upon the movant, but our interpretation of the rule was not predicated solely upon the language of the note and, in any event, the motion in Apolinari was not heard until nearly a month after it was filed. Similarly, neither Lenard nor Gordon addresses the precise question now before us.
Rule 3.191(i)(4) is indeed strongly worded. It requires a hearing on a motion for discharge no more than five days from the *287 date of filing, as well as trial "within 10 days" of that hearing. Nevertheless, we cannot extract from this an intent to require the state to schedule a discharge hearing in any less than five days if the fifth day happens to fall on a weekend or holiday. Certainly there is nothing in the language of the rule to suggest the possibility of holding discharge hearings outside the normal court calendar, as is done with weekend first appearance hearings. Had the committee or the supreme court, when adopting the revised version of rule 3.191, intended to impart the same urgency to discharge hearings as to first appearances, presumably they would have modified rule 3.040 accordingly. Thus, we are compelled to hold that if the last day for hearing a motion for speedy trial discharge is a weekend or holiday, the deadline may be extended. Then, having concluded that rule 3.191(i)(4) is subject to one of the exceptions contained in rule 3.040, we cannot ignore the second exception afforded by that rule. Either rule 3.040 is applicable or it is not; it cannot be partly applicable. Reading the two rules in conjunction, 3.191(i)(4) effectively requires a discharge hearing in five business days.
This is not to suggest that the state may engineer its own extension of speedy trial limitations simply by scheduling untimely discharge hearings. Such a practice resulted in discharge of the petitioner in Apolinari. Although a defendant might be hard-pressed to claim prejudice solely from a late discharge hearing, if the state intentionally or negligently sets that hearing in untimely fashion, resulting in a delay of trial that otherwise would not have occurred, they could not then avail themselves of the rule 3.040 loophole. We hold only that under the peculiar facts of this case, which permit the state to take double advantage of rule 3.040, neither the hearing on Ricci's motion nor his subsequent trial date was untimely. We are not unaware of the possibility that the rule as presently worded affords potential for abuse, or at least for laxity,[2] but that is a matter for the attention of the rules committee and the supreme court.
Petition denied.
SCHEB, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.
NOTES
[1] This fifteen-day figure represents a compromise, in that it was felt a shorter period "giv[es] the system insufficient time in which to bring a defendant to trial" while a longer period "remov[es] incentive to maintain strict docket control." Committee Note, Fla.R.Crim.P. 3.191 (1984 Amendment).
[2] "If the 15 day from filing limit is not imposed, it is fair to predict that delays in the hearing on the motion and the decision on the motion will not be rare occurrences." Yetter, Florida's New Speedy Trial Rule: The "Window of Recapture", 13 Fla.St.U.L.Rev. 11, 17 (1985).