528 So.2d 120 (1988)
STATE of Florida, Appellant,
v.
Oliver EDWARDS, Appellee.
No. 87-1488.
District Court of Appeal of Florida, Fifth District.
July 14, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellee.
SHARP, Chief Judge.
The state appeals from an order discharging Edwards for failing to bring him to trial within fifteen days of his filing a motion for discharge, as required by Florida Rule of Criminal Procedure 3.191(i)(4). Relying on Ricci v. Parker, 518 So.2d 284 (Fla. 2d DCA 1987), rev. den., 519 So.2d 988 (Fla. 1988), the state argues that discharge was erroneously granted because the five and ten day time periods stated by rule 3.191 are determined by the computational rules of Florida Rule of Criminal Procedure 3.040. We agree and reverse.
On December 12, 1986, Edwards was arrested and subsequently charged with trafficking in cocaine (a felony) in violation of *121 section 893.135(1)(b)1, Florida Statutes (1985). Edwards filed a motion for discharge on Thursday, July 2, 1988, because more than one hundred seventy-five days had elapsed since his arrest. This triggered the time periods set forth in Florida Rule of Criminal Procedure 3.191(a)(1).
On Thursday, July 9, both parties signed a "Joint Stipulation to Waiver of Calendar Call Hearing." On Monday, July 20, when the trial was set, the court granted Edwards' motion for discharge. It held Edwards should have been brought to trial by July 17, exactly fifteen days after the motion for discharge was filed.
Florida Rule of Criminal Procedure 3.191(i)(4) provides for discharging a defendant, after the one hundred seventy-five days have lapsed, unless the trial court takes the following steps:
(4) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime. (emphasis added)
However, Florida Rule of Criminal Procedure 3.040 "Computation of Time" states:
In computing any period of time prescribed or allowed by these rules, except Rules 3.130 and 3.131, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday or legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday, nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. (emphasis added)
In this case, the trial court should have excluded Saturday and Sunday in the initial five day period since the time is under seven days and it spanned an intervening Saturday and Sunday. Excluding Saturday and Sunday, the hearing on Edwards' motion should have been held on Thursday, July 9, the day the hearing was jointly waived by the parties. Counting ten days from Thursday, July 9, the tenth day fell on Sunday, the nineteenth. Therefore, the next business day was Monday, July 20, when the trial began. It was the last allowable day under the rules, but it was timely.
This interpretation of rule 3.191 is adopted in the Second District's opinion of Ricci. Our sister court noted that historically rule 3.191 has been construed in harmony with rule 3.040, see State ex rel. Williams v. Bruce, 327 So.2d 51 (Fla. 1st DCA); certiorari dismissed, 334 So.2d 609 (Fla. 1976) (i.e., if the one-hundred-eightieth day fell on a week-end or a holiday, state could still avoid discharge of defendant if defendant was tried on next business day). The only provisions exempted from the computational rules of 3.040 are rule 3.130 (first appearance hearings) and rule 3.131 (pretrial release), but they are expressly exempted. It follows that other provisions not so exempted should be construed as subject to the computational rules of rule 3.040. Ricci, 518 So.2d at 286.
Edwards argues Gordon v. Leffler, 495 So.2d 200 (Fla. 5th DCA 1986), rev. den. 503 So.2d 327 (Fla. 1987) and Lenard v. Moxley, 497 So.2d 973 (Fla. 5th DCA 1986) hold that rule 3.191 requires the state to bring a defendant to trial within fifteen days after the date his motion for discharge was filed, without variation for the time computations in rule 3.040. However, such language in Gordon and Lenard was mere dicta. Neither case addressed the precise question before the Second District in Ricci and this court in the instant case. In Gordon the facts show that the trial court did not timely schedule the trial, even if rule 3.040 had been applied, and there are no dates in Lenard to suggest that this *122 court was adopting a "blanket" fifteen day period.
Therefore, we vacate the order discharging Edwards. We hold that the five and ten day periods under Florida Rule of Criminal Procedure 3.191(i)(4) should be computed in accordance with Florida Rule of Criminal Procedure 3.040.
ORDER VACATED; REMANDED.
ORFINGER and COBB, JJ., concur.