581 So.2d 596 (1991)
Edward BAXTER, Petitioner,
v.
Brandt C. DOWNEY, III, Circuit Judge, Respondent.
No. 90-02958.
District Court of Appeal of Florida, Second District.
February 8, 1991.
Rehearing Denied February 25, 1991.
*597 John M. Edman, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Edward Baxter petitions this court for a writ of prohibition barring the respondent from proceeding with the trial of pending criminal charges in violation of the speedy trial rule, Florida Rule of Criminal Procedure 3.191. We have jurisdiction. Art. V, § 4(b)(3), Fla. Const.; Sherrod v. Franza, 427 So.2d 161 (Fla. 1983).
The facts underlying the petition are not in dispute. Baxter was arrested March 25, 1990, and has remained in pretrial detention ever since. His motion for *598 discharge was filed September 24, 1990. Although the motion was hand-delivered contemporaneously to the office of the state attorney, no hearing was held until October 11. The motion was denied because Baxter, several months before filing his motion for discharge, had requested and received a competency examination pursuant to Florida Rule of Criminal Procedure 3.211. Such a request tolls the 175-day speedy trial period provided by rule 3.191 even in the absence of a written order extending the period. Franklin v. State, 476 So.2d 1346 (Fla. 1st DCA 1985).
Because of the tolling, Baxter's motion was premature and therefore a nullity. Schuty v. State, 281 So.2d 507 (Fla. 1st DCA 1973). No error results either from the denial of the motion or from the failure to observe strict compliance with Florida Rule of Criminal Procedure 3.191(i) regarding discharge hearings. Instead, we believe that the time limits established by rule 3.191(i), even though they have been described as jurisdictional, apply only to motions filed in good faith. In so holding, however, we again underscore, as we did in Lasker v. Parker, 513 So.2d 1374 (Fla. 2d DCA 1987), the risks inherent in lax adherence to this rule.[1]
Under rule 3.191 as it existed prior to 1984, when a defendant moved for discharge the trial court essentially had but one question to ask: Had there been a waiver prior to the expiration date of the speedy trial period? The rule established no set time for making this determination, that is, the motion could be heard at the court's and the parties' convenience. This scenario changed significantly in 1984, when the so-called "window of recapture" was written into the rule. While the central question still is whether a waiver has occurred, rule 3.191(i)(3) now requires that this decision be made at a hearing "[n]o later than 5 days from the date of the filing of a motion for discharge." See also, Ricci v. Parker, 518 So.2d 284 (Fla.2d DCA 1987), rev. denied, 519 So.2d 988 (Fla. 1988). If the court finds evidence of a waiver, the motion for discharge may be denied; if not, trial must be set within ten days. While scheduling trial under such circumstances is tantamount to "granting" the motion, the defendant is not actually entitled to absolute discharge unless the state cannot bring him to trial.
Certainly the better procedure would have been to schedule a hearing on Baxter's motion within five days. Moreover, it was the state's burden to schedule a timely hearing on the motion, insofar as the "window of recapture" rule operates to their benefit. Apolinari v. Ulmer, 483 So.2d 75 (Fla.2d DCA), rev. denied, 492 So.2d 1335 (Fla. 1986). Had the rule been followed, and the same ruling made, our decision to deny relief would be quite simple. Because this did not happen, we must consider Baxter's argument  which is, essentially, that the trial court loses jurisdiction if both the hearing deadline and subsequent trial deadline expire without a ruling, regardless whether the motion for discharge was meritorious.
This argument is grounded primarily in two recent decisions which describe as "jurisdictional" the duty to afford "a hearing and, if necessary, a trial." Massey v. Graziano, 564 So.2d 287 (Fla. 5th DCA 1990); Ariza v. Cycmanick, 548 So.2d 304 (Fla.5th DCA 1989). Neither opinion, however, details the findings made once the motions for discharge finally were heard (21 days later in Massey, 24 days in Ariza). No other "late hearing" cases suggest the jurisdictional bar should apply regardless of the defendant's good faith in filing the motion. For example, in Apolinari v. Ulmer we specifically held that there was no valid waiver of speedy trial.
Our decision in Lasker v. Parker, to the extent we stated, "It is now simply too late to determine whether the ... motions for *599 discharge were well-taken," 513 So.2d at 1377, is properly limited to the very unusual facts of that case. There, the state's position that the defendants were unprepared for trial stemmed from their late requests for discovery. However, this tardiness may in turn have been the result of the state's delay in filing formal charges. See Fla.R.Crim.P. 3.220(a)(1). In other words, the motions for discharge could have been filed in bad faith, but could also have been a bona fide response to prosecutorial foot-dragging, as in George v. Trettis, 500 So.2d 588 (Fla.2d DCA 1986). The proper forum for making this determination was a discharge hearing under rule 3.191(i), which the trial court declined to conduct after the prosecutor (with objections from the defense) informed him the defendants' motions were being "abandoned." We did not face the situation, as we now do, where the record clearly and unequivocally demonstrated no right to speedy trial by virtue of a tolling or waiver.
Where the period established by rule 3.191 "was not validly extended, then it has expired," and subsequent judicial interference with the right to speedy trial, as embodied in both constitution and statute, may constitute action in excess of the court's jurisdiction. State ex rel. Girard v. McNulty, 348 So.2d 311, 312 (Fla. 1977), quoted in Sherrod v. Franza, 427 So.2d at 164 (discussing the propriety of prohibition as a remedy). In the present case, the record demonstrates that the defendant has, by his own actions, caused the applicable time period to be extended. There was, accordingly, no expiration and therefore no event depriving the court of jurisdiction. The trial court's failure to adhere strictly to procedural rules cannot undo that fact.
We also find an alternative basis for denying relief to Baxter, even in the event his interpretation of Massey v. Graziano and related cases is correct. The "window of recapture" provision is commonly perceived as affording the state a fifteen-day grace period to escape an otherwise valid motion for discharge. See, e.g., Gordon v. Leffler, 495 So.2d 200 (5th DCA 1986), rev. denied, 503 So.2d 327 (Fla. 1987). Fifteen days from Baxter's motion would have been Tuesday, October 9, 1990, or two days prior to his hearing. However, in Ricci v. Parker we concluded that the "window" is more properly viewed as two separate time periods, one for the hearing (five days) and one for trial (ten days). Furthermore, in calculating these time periods, Florida Rule of Criminal Procedure 3.040 is to be followed. See also, State v. Edwards, 528 So.2d 120 (Fla. 5th DCA), rev. denied, 534 So.2d 399 (Fla. 1988).
Using this scheme, Baxter's hearing should have been held no later than Monday, October 1, 1990 (the intervening weekend being excluded). This in turn would have triggered a ten-day trial period expiring Thursday, October 11, Baxter's hearing date. Had the motion for discharge been well-taken, Baxter's trial would have had to start that very day. Since the motion was not valid, however, the trial court, by ruling within the "window" period as defined in Ricci, did not act in excess of its jurisdiction.
Petition denied.
CAMPBELL, A.C.J., and HALL and PATTERSON, JJ., concur.
NOTES
[1] In Lasker we expressed the belief that a hearing could be dispensed with altogether without ipso facto creating jurisdictional problems, but suggested that such action was inadvisable except in such rare situations as where there was no disagreement as to defendant's right to speedy trial. See also, Climpson v. State, 528 So.2d 1296 (Fla. 1st DCA 1988) (failure to hold timely hearing harmless error, where trial commenced within window period).