ANTOON, C.J.
The state appeals the order entered by the trial court discharging John McFarland from prosecution. Discharge was based upon the court’s ruling that the state had improperly failed to bring Mr. McFarland to trial within fifteen days of the filing of his motion for discharge. The state argues that discharge was erroneously granted because the state had complied with the five- and ten-day time period requirements set forth in rule 3.191(p)(3) of the Florida Rules of Criminal Procedure. We agree and therefore reverse.
Rule 3.191 of the Florida Rules of Criminal Procedure provides:
Rule 3.191. Speedy Trial
* * *
(p) Remedy for Failure to Try Defendant within the Specified Time.
[[Image here]]
(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and ... shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
This court recently construed this rule to mean that, when a defendant files a notice of expiration of speedy trial, a hearing must be held within five days of the date of the filing of the notice, and then the defendant must be brought to trial within ten days of the hearing held on the notice. See State v. Garber, 726 So.2d 338 (Fla. 5th DCA 1999). In calculating these time periods, we look to rule 3.040 of the Florida Rules of Criminal Procedure:
Rule 3.040. Computation of Time
In computing any period of time prescribed or allowed by these rules ... the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday or legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday, nor a legal *483 holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation....
Mr. McFarland was arrested in connection with a house fire in Orange County on October 4, 1998. He was later charged by information with committing various crimes, including arson of a dwelling in violation of section 806.01(l)(a) of the Florida Statutes (1997). On April 1, 1999, Mr. McFarland filed a notice of expiration of speedy trial, stating that more than 176 days had expired since his arrest. Five days later, on April 6, the trial court commenced a hearing on the discharge motion. The hearing was not concluded until April 7. It is clear that this hearing was properly held within the five-day recapture period set forth by the rule.
Following the hearing, the court set Mr. McFarland’s trial for April 19, 1999. On the morning of trial, Mr. McFarland again moved for discharge arguing that the state had improperly failed to bring him to trial by April 16, fifteen days after the filing of his motion for discharge. The trial court granted the motion.
We reverse the trial court’s ruling because the state was not required to bring Mr. McFarland to trial within fifteen days of the filing of his motion. Instead, rule 3.191(p)(3) requires the state to bring a defendant to trial within ten days of the date of the hearing on the motion for discharge. Applying this law to the facts presented here, the ten-day time period expired on April 17, 1999, a day which happened to be a Saturday. In compliance with rule 3.040, Mr. McFarland’s trial commenced the following Monday, April 19. This April 19 trial date clearly fell within the ten-day recapture window of rule 3.191(p)(3). As we stated in State v. Edwards, 528 So.2d 120, 121 (Fla. 5th DCA), rev. denied, 534 So.2d 399 (Fla.1988), the trial commenced on “the last allowable day under the rules, but it was timely.” Accordingly, the order of the trial court granting Mr. McFarland’s motion for discharge must be reversed and this matter remanded for trial.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.