POLEN, C.J.
The State has filed two appeals, arising from the same juvenile proceeding, which have been consolidated for our consideration. The minor, J.G., was arrested for possession of a controlled substance on September 2, 2000. On September 20, 2000, the State filed its Petition for Delinquency. November 1, 2000, J.G. filed a motion to suppress evidence, alleging the controlled substance found on her person September 2 had been taken in violation of her Constitutional rights. December 8, 2000, the trial court held a hearing on J.G.’s motion to suppress, at which time said motion was granted. This ruling was appealed by the State on December 22, 2000.
Meanwhile, J.G. filed a notice of expiration of speedy trial, on December 12, 2000, alleging the ninety-day speedy trial period had expired on December 1. A hearing was held on December 18, 2000, at which J.G.’s notice motion was acknowledged. The court set a trial date of December 28, 2000, ten days after the hearing. On December 28, the State moved for an extension of the speedy trial period, based on the pending appeal regarding the suppression order. *749 J.G. moved for a discharge, claiming the State’s motion for an extension was untimely. The court denied the State’s motion for an extension and granted J.G.’s motion for discharge.[1] The State timely appealed this entry of discharge, which was consolidated with the previous appeal concerning the suppression order.
We affirm the trial court’s entry of discharge where the State’s motion for an extension of speedy trial period was untimely. Florida Rule of Juvenile Procedure 8.090(m)(3) provides:
No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.
The State argues its motion was not untimely since J.G. was brought to trial within ten (10) days of the notice hearing. We disagree, since J.G. was not brought to trial within fifteen (15) days of her filing of notice of expiration. The Florida Supreme Court has held Florida Rule of Criminal Procedure 3.191(p)(3), the analogue of the instant juvenile rule, provides the State with one fifteen (15) day period within which to bring a defendant to trial from the date of the filing of a motion for discharge. State v. Salzero, 714 So.2d 445 (Fla.1998). Here, J.G. was brought to trial sixteen (16) days after the filing of her motion for discharge, and thus, the State’s motion for an extension at this time was untimely.[2] Cf. Salzero, 714 So.2d at 447 (holding where trial date was set eleven (11) days after initial hearing on motion for discharge but defendant was brought to trial a total of fourteen (14) days after filing of notice of expiration of speedy trial period, violation of the ten-day period was harmless since the defendant was actually brought to trial within fifteen days of his filing of notice of expiration).
We hold the five-ten “recapture window” provided by Florida Rule of Juvenile Procedure 8.090(m)(3) should be similarly construed as its adult counterpart, ie., as one fifteen day time period. Brown v. State, 715 So.2d 241 (Fla.1998); P.S. v. State, 658 So.2d 92 (Fla.1995); D.A.J. v. State, 754 So.2d 817 (Fla. 5th DCA 2000). We find none of the extenuating circumstances set forth in Florida Rule of Juvenile Procedure 8.090(d) present, and accordingly hold the State’s motion for an extension, filed sixteen days after J.G.’s notice of expiration of speedy trial period, was untimely. See also Salzero, 714 So.2d at 448 (Anstead, J., specially concurring)(noting the State, not the defendant, has the obligation to see that the time periods within the rule are followed).
Our holding on the discharge matter renders moot the appeal pertaining to the suppression of evidence. Thus, the dismissal by the trial court is affirmed.
STONE and STEVENSON, JJ., concur.

. The State’s appeal of the suppression order would have been a valid basis for an extension, Florida Rule of Juvenile Procedure 8.090(f)(3), and the State could easily have made their motion prior to the 15 th day after J.G.'s notice of expiration, i.e., on or before December 27, 2000.

. December 27, 2000, the fifteenth day, fell on a Wednesday, so we need not consider the application where the 15th day is a weekend or holiday.