SHEVIN, Judge.
Defendant Raul Armas seeks discretionary review of a certified question of the County Court following imposition of judgment and sentence. The question asks:
SHOULD THE COURT COUNT THE DATE THAT DEFENDANT FILED HIS/HER NOTICE OF EXPIRATION OF SPEEDY TRIAL?
We accept jurisdiction, Fla. R.App. P. 9.030(b)(4)(A).
As a threshold matter, we are not persuaded by defendant’s contention that the trial court was without jurisdiction to consider the state’s motion to vacate the discharge order entered sua sponte without notice to the state or an opportunity to be heard. The trial court may reconsider the correctness of a final disposition in cases involving “fraud, mistake, inadvertence, misconduct, or the like[.]” See Acosta v. State, 515 So.2d 338, 339 (Fla. 3d DCA 1987). See also Metropolitan Dade County v. Curry, 632 So.2d 667, 668 (Fla. 3d DCA 1994)(“order entered without notice or opportunity to be heard is a void order ... and may be attacked at any time”).
As to the merits, we answer the certified question in the negative. In Vining v. State, 637 So.2d 921, 925 (Fla.), cert. denied, 513 U.S. 1022, 115 S.Ct. 589, 130 L.Ed.2d 502 (1994), the Florida Supreme Court clearly applied Florida Rule of Criminal Procedure 3.040 to the computation of any time period specified in Florida Rule of Criminal Procedure 3.191. “Florida Rule of Criminal Procedure 3.040, which specifies the method of computing any time period specified by these rules, provides in pertinent part: ‘[T]he day of the act or event from which the designated period of time begins to run is not to be included.... ’ ” Vining, 637 So.2d at 925. See State v. Naveira, 768 So.2d 1254 (Fla. 1st DCA 2000); State v. Edwards, 528 So.2d 120 (Fla. 5th DCA), review denied, 534 So.2d 399 (Fla.1988); State v. McFarland, 747 So.2d 481 (Fla. 5th DCA), review denied, 767 So.2d 458 (Fla.2000). Following Rule 3.040’s dictate, the date on which the defendant files the notice of expiration is not to be counted, notwithstanding any language in Committee Notes that may seem to contradict Rule 3.040. Accordingly, the judgment and sentence are affirmed.
Affirmed.