PER CURIAM.
 

 The State appeals from an order granting Hill’s motion for discharge based upon an alleged violation of Hill’s right to a speedy trial.
 
 See
 
 Fla. R.Crim. P. 3.191. We reverse.
 

 In response to Hill’s notice of expiration of trial date, the trial court scheduled trial for Monday, January 4, 2010. However, on December 31, 2009, the trial court erroneously determined that the recapture period had expired and entered an order of discharge. The State argues, and Hill acknowledges, that the scheduled trial date actually fell on the last day of the recapture period.
 
 See State v. McFarland,
 
 747 So.2d 481 (Fla. 5th DCA 2000);
 
 State v. Edwards,
 
 528 So.2d 120 (Fla. 5th DCA 1988). Because the scheduled trial date fell within the recapture period, it was improper to enter the order of discharge.
 

 REVERSED and REMANDED.
 

 MONACO, C.J., EVANDER and COHEN, JJ., concur.