FERNANDEZ, J.
The State of Florida appeals the trial court’s dismissal on speedy trial grounds of its delinquency petition filed against appellee D.H. We reverse because the trial court prematurely dismissed the petition and did not afford the State an opportunity to bring D.H. to trial within the fifteen-day recapture period following the filing of D.H.’s motion for discharge.
The State arrested D.H. on August 4, 2010. It is undisputed that the ninety-day speedy trial period expired on November 2, 2010. At a hearing held on October 20, the State raised the speedy trial date. In response to a question from the court, the State responded that the speedy trial deadline was November 2. The court set the case for trial on November 17, 2010, sua sponte adding a fifteen-day recapture period to the speedy trial deadline.
On November 8, 2010, D.H. filed a Motion to Discharge. The court held a hearing on the motion on November 16, 2010. The State did not object to the lateness of the hearing,[1] but the State argued that Florida Rule of Juvenile Procedure 8.090 affords the State and the court ten days from the date of hearing — i.e. until November 26 — to bring the case to trial. The court set the trial for the next day.
The next morning, the State was not ready to proceed. It moved for an extension of the speedy trial period and reconsideration of an earlier ruling in which the court charged a continuance to the State for its failure to produce a report. The court denied the State’s motion for extension of the speedy trial rule, and granted the motion for discharge.
The State argues on appeal that the court erred when it dismissed the petition before the State had the opportunity to proceed to trial within the ten-day recapture period provided for in rule 8.090(m)(3). We agree.
Florida Rule of Juvenile Procedure 8.090 governs speedy trials in juvenile cases. Subsection (b) of rule 8.090 provides that if an adjudicatory hearing has not commenced within ninety days of the date a juvenile is taken into custody, the respondent shall be entitled to the appropriate remedy as set forth in subsection (m). Subsection (m)(3) provides that “unless the court finds that one of the reasons set forth in subdivision (d) exists, [the court] shall order that the respondent be brought to trial within 10 days.”
In this case, D.H. filed his motion to discharge on November 8, 2010. The court was required to bring the respondent to trial no later than November 23, 2010. See State v. J.G., 807 So.2d 748, 749 (Fla. 4th DCA 2002) (stating that the State has one fifteen-day period to bring a juvenile to trial). D.H. was brought to trial on November 17-nine days after the filing of the motion for discharge. This is well within the fifteen-day period from the filing of the motion for discharge.
Consequently, we vacate the order of dismissal and remand the case for further proceedings.[2] On remand, the State has ninety days from the date of the issuance *797 of this Court’s mandate to bring D.H. to trial. See Fla. R. Juv. P. 8.090(j).
Reversed and remanded with directions.

. Florida Rule of Juvenile Procedure 8.090(m) requires that a motion for discharge in a juvenile case must be heard within five days of filing. The failure of a court to hold a hearing on the motion is harmless if the respondent is brought to trial within fifteen days from the filing of the motion for discharge. State v. D.O., 56 So.3d 114, 115 (Fla. 3d DCA 2011).

. This Court’s holding on the motion for discharge renders moot the denial of the State’s motion for extension of the speedy trial period, which we believe the State meritoriously argued on the day of trial and the court denied.