CIKLIN, J.
The state appeals the trial court’s order dismissing the six counts brought against the minor child based upon its finding that the state violated the child’s speedy trial rights. Because the state failed to bring *1134 the child to trial within fifteen days of the date that the minor child filed a notice of expiration of speedy trial, we affirm the trial court’s order of dismissal.
On May 23, 2011, the state filed a petition for delinquency charging the child with six crimes. On September 27, 2011, the child filed a motion to dismiss and notice of expiration of speedy trial period. On October 4, 2011, the trial court held a hearing on the matter and a trial date was set for October 14, 2011. On the date of the trial, before it actually began, the child filed a motion for final discharge, arguing that the speedy trial rules required the state to have brought the child to trial by October 12, and failure to do so required immediate discharge.
The state argued that the trial was timely because the speedy trial rules actually contemplated two separate but interrelated time periods: five days to hold the initial hearing to determine if there is a reason to extend the trial deadline, and, if no reason is found, then ten days after the hearing to commence trial. Under the state’s suggested method of calculation, the trial was set for the last permissible date to comply with speedy trial.
The trial court found that the matter should have been brought to trial by October 12, which was fifteen days after the motion to dismiss and notice of expiration had been filed. The trial court concluded that it was constrained to dismiss all six charges against the child.
On appeal, the state argues that the trial court misapplied the applicable speedy trial rules by holding that a trial must be held within fifteen days from the filing of a motion for discharge.
The subject speedy trial rule provides for a “recapture window” which allows the state to bring the child to trial after the speedy trial deadline has expired. Florida Rule of Juvenile Procedure 8.090(m)(3) states:
No later than 5 days from the date of the filing of a motion for discharge, the coui't shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.
The state argues that the trial court should have first calculated the deadline for the initial hearing and then separately calculate an additional ten-day deadline from the hearing date. Because the initial hearing deadline is five days from the filing of a motion for discharge, the state asserts that Florida Rule of Juvenile Procedure 8.180 requires that weekends and holidays not count in the calculation because the period is fewer than seven days.[1] The motion to dismiss and notice of expiration was filed on Tuesday, September 27, 2011. Wednesday, Thursday, and Friday were the first, second, and third days after the notice was filed. Saturday and Sunday were both weekend days and the following Monday, October 3, was a court holiday. Therefore, according to the state, the hearing date on Tuesday, October 4, was actually only the fourth day from the date of the motion for discharge. The state argues that the ten-day deadline to hold the trial should then be calculated from October 4, which would place the last day to conduct the trial on October 14, the date the state attempted to commence the trial.
*1135 This court has previously addressed this issue and concluded that “the five-ten ‘recapture window’ provided by Florida Rule of Juvenile Procedure 8.090(m)(3) should be similarly construed as its adult counterpart, i.e., as one fifteen day time period.” State v. J.G., 807 So.2d 748, 749 (Fla. 4th DCA 2002); see also State v. D.H., 87 So.3d 795 (Fla. 3d DCA 2012) (agreeing that the recapture window is one fifteen-day period). In other words, no matter how one calculates the five-day time period or when the court conducts the required hearing on the notice of expiration of speedy trial, the state is required to bring a defendant to trial within fifteen days of the defendant’s filing of the notice of expiration. Because the trial date in this case was beyond the maximum fifteen-day total, the child was entitled to a discharge.
We acknowledge that the Fifth District has held that the recapture window in the adult rules of criminal procedure is to be calculated the way the state advocates, i.e., as two separate but interrelated time periods. See State v. McFarland, 747 So.2d 481, 482 (Fla. 5th DCA 2000) (“This court recently construed this rule to mean that, when a defendant files a notice of expiration of speedy trial, a hearing must be held within five days of the date of the filing of the notice, and then the defendant must be brought to trial within ten days of the hearing held on the notice.”). Because this court construes both the adult and juvenile speedy trial recapture windows as one fifteen-day period, we certify conflict with McFarland.

Affirmed; conflict certified.

STEVENSON, J., and WALSH, LISA S., Associate Judge, concur.

. "When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation.” Fla. R. Juv. P. 8.180(a).