# Supreme Court of Florida

_____

No. SC12-2229
_____

**STATE OF FLORIDA**,
Petitioner,

vs.

**S.A., A CHILD**,
Respondent.

[February 13, 2014]

PER CURIAM.

We review the Fourth District Court of Appeal's decision in State v. S.A., 96

So. 3d 1133 (Fla. 4th DCA 2012), which the Fourth District certified is in direct

conflict with the Fifth District Court of Appeal's decision in State v. McFarland,

747 So. 2d 481 (Fla. 5th DCA 2000), rev. denied, 767 So. 2d 458 (Fla. 2000),

regarding how the speedy trial rule's recapture window should be calculated.[1]

Based on the plain language of the speedy trial rule, we approve the Fifth District's

decision in McFarland calculating the recapture window as two separate 5- and 10-

_____

1. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

day time periods and quash the Fourth District's decision in S.A. calculating the window as a single 15-day period.

## I. BACKGROUND

On Tuesday, September 27, 2011, S.A. filed a notice of expiration of speedy trial and a motion seeking a discharge under the speedy trial rule. S.A.'s motion triggered the speedy trial rule's recapture window, which provides:

> No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.

Fla. R. Juv. P. 8.090(m)(3) (emphases added).

One week later, on Tuesday, October 4, the trial court held a hearing on S.A.'s motion and set trial for 10 days later (Friday, October 14). On the day of trial, which was 17 days after S.A. filed his motion, S.A. argued that he was entitled to a discharge because the State failed to bring him to trial within the 15-day recapture window. The State argued that the recapture window is not a single 15-day period but, instead, consists of two separate 5- and 10-day periods that are calculated pursuant to the computation of time rule. Accordingly, the State argued that it had brought S.A. to trial within the recapture window since the hearing was held within 5 days of the date S.A. filed his motion—excluding the intervening

weekend and legal holiday (Jewish New Year) as required by the time computation rule—and since S.A. was brought to trial within 10 days of the hearing.[2]  The trial court discharged S.A.

On appeal, the Fourth District affirmed and held that the recapture window is " 'one fifteen day time period' " which requires the State "to bring a defendant to trial within fifteen days of the defendant's filing of the notice of expiration" regardless of how the deadline for the 5-day hearing is calculated or when the hearing is held.  S.A., 96 So. 3d at 1135 (quoting State v. J.G., 807 So. 2d 748, 749 (Fla. 4th DCA 2002)).  However, the Fourth District acknowledged that the Fifth District calculates the recapture window "as two separate but interrelated [5- and 10-day] time periods" and certified conflict with McFarland.  Id.

## II.  ANALYSIS

Based on the plain language of the speedy trial rule, we approve the Fifth District's decision in McFarland and quash the Fourth District's decision below.[3]

---

2. To calculate the deadline for the 5-day hearing, the State relied on the computation of time rule which provides that where the number of days for performing an act is less than 7, "intermediate Saturdays, Sundays, and legal holidays shall be excluded" in computing the deadline.  Fla. R. J. Admin. 2.514(a)(3); see also Fla. R. Juv. P. 8.180(a) ("Computation of time shall be governed by Florida Rule of Judicial Administration 2.514[.]").

3. Our standard of review is de novo.  See State v. Nelson, 26 So. 3d 570, 573-74 (Fla. 2010) ("[T]he interpretation of the rules of procedure with regard to the right to a speedy trial [is] a question of law subject to de novo review[.]").  Further, though the Fifth District applied the adult speedy trial rule in McFarland,

See Brown v. State, 715 So. 2d 241, 243 (Fla. 1998) (requiring that an "unambiguous" rule "be accorded its plain and ordinary meaning").

The speedy trial rule plainly provides for a recapture window that is comprised of up to 5 days for the hearing followed by 10 days for the trial; it never mentions a 15-day period.[4] See Fla. R. Juv. P. 8.090(m)(3); Fla. R. Crim. P. 3.191(p)(3); see also McFarland, 747 So. 2d at 483 (holding that the State "was not required to bring [the defendant] to trial within fifteen days of the filing of his motion" for discharge but was, instead, required "to bring [him] to trial within ten days of the date of the hearing on the motion"). And, under the computation of time rule, intervening weekends and legal holidays are excluded in calculating the deadline for the 5-day hearing. See Fla. R. Jud. Admin. 2.514(a)(3); see also Baxter v. Downey, 581 So. 2d 596, 599 (Fla. 2d DCA 1991) (explaining that the

the adult rule is nearly identical to the juvenile rule at issue here, and rule 2.514 is used to compute time under both rules. Compare Fla. R. Crim. P. 3.191(p)(3), and Fla. R. Crim. P. 3.040, with Fla. R. Juv. P. 8.090(m)(3), and Fla. R. Juv. P. 8.180. Therefore, the recapture window is calculated the same under both rules. See Nelson, 26 So. 3d at 575 ("[T]he Rules of Juvenile Procedure provide a right to a speedy trial with procedures analogous to the adult speedy trial rule[, including] a recapture provision that mirrors its adult counterpart.") (citation omitted).

4. We recognize that a committee note to the adult speedy trial rule provides that the "intent" of the recapture window is "to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge." Fla. R. Crim. P. 3.191 committee notes (1984). However, "committee notes are only persuasive authority and are not binding; it is the intent of this Court in promulgating a rule of procedure, as expressed in the rule itself, that governs its interpretation." D.K.D. v. State, 470 So. 2d 1387, 1389 (Fla. 1985).

computation of time rule is used to calculate the recapture window's "two separate time periods"); Ricci v. Parker, 518 So. 2d 284, 287 (Fla. 2d DCA 1987) (concluding that reading the speedy trial rule together with the time computation rule "effectively requires a discharge hearing in five business days"), rev. denied, 519 So. 2d 988 (Fla. 1988).

Accordingly, because the State complied with the recapture window's two separate time periods in this case, it timely brought S.A. to trial 17 days after he filed his motion for discharge. See State v. Thomas, 659 So. 2d 1322, 1323 (Fla. 3d DCA 1995) ("In some cases[,] the total time from the filing of the notice of expiration to the last day of the window period will be less than fifteen days. In other cases, it will be more than fifteen days because the calculation of the initial five-day period excludes intervening weekends and holidays.") (Cope, J., specially concurring). Therefore, S.A. was not entitled to a discharge.

### III. CONCLUSION

For the above reasons, we quash the Fourth District's decision below and remand to the trial court for further proceedings. We also approve the Fifth District's decision in McFarland and the Second District's decisions in Baxter and Ricci because they recognize that the recapture window is comprised of two separate time periods.

It is so ordered.

- 5 -

POLSTON, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion, in which PERRY, J., concurs.
QUINCE, J., dissents.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., concurring.

I concur in the majority opinion because I agree that the plain language of the speedy trial rule dictates that the recapture window be calculated as two separate 5- and 10-day time periods, since the rule itself does not mention the application of a single 15-day period. However, in light of the fact that a strict application of the separate 5- and 10-day time periods set forth in the rule can result in a trial being set more than fifteen days from the date the defendant files a motion for discharge—as in this case, where the defendant was not brought to trial until seventeen days after he filed his motion for discharge—I write separately to express my view that this Court should amend the speedy trial rule in order to give effect to the original intent of the rules committee to provide for a single 15-day recapture window.

This view—that the speedy trial rule was intended to provide the State with a 15-day recapture window—is supported by this Court's prior opinion in State v. Salzero, 714 So. 2d 445, 447 (Fla. 1998), where the Court reasoned that a "strict adherence to the five and ten-day requirements would not comport with the clear

intent of [the rule] as evident from the committee notes to the 1984 amendment of the rule."

Specifically, the committee notes to the adult speedy trial rule provide:

> The intent of [the recapture window] is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. This time begins with the filing of the motion and continues regardless of whether the judge hears the motion.

Fla. R. Crim. P. 3.191 committee notes (1984). The notes also explain why the committee recommended fifteen days as the appropriate time period for the recapture window:

> The total 15-day period was chosen carefully by the committee, the consensus being that the period was long enough that the system could, in fact, bring to trial a defendant not yet tried, but short enough that the pressure to try defendants within the prescribed time period would remain. In other words, it gives the system a chance to remedy a mistake; it does not permit the system to forget about the time constraints. It was felt that a period of 10 days was too short, giving the system insufficient time in which to bring a defendant to trial; the period of 30 days was too long, removing incentive to maintain strict docket control in order to remain within the prescribed time periods.

Id.

Relying on these committee notes, this Court determined in Salzero that "a violation of the five and ten-day periods provided in [the speedy trial rule] is harmless if a defendant is actually brought to trial within fifteen days of filing his notice of expiration." Salzero, 714 So. 2d at 447. Thus, although the defendant in Salzero was brought to trial more than ten days after the trial court held its initial

hearing, this Court deemed the error harmless because the defendant was brought to trial within fifteen days of the filing of the motion for discharge—a result that accorded with the clear intent of the drafters who created the rule. See id.

Although the juvenile rule at issue in this case does not contain a comparable provision in its committee notes, this Court has interpreted the nearly identical language of the juvenile and adult rules consistently. See State v. Nelson, 26 So. 3d 570, 575 (Fla. 2010) ("[T]he rules of Juvenile Procedure provide a right to a speedy trial with procedures analogous to the adult speedy trial rule . . . includ[ing] a recapture provision that mirrors its adult counterpart."). Thus, the committee notes to the adult speedy trial rule are equally persuasive in discerning the original intent behind the juvenile speedy trial rule.

Given that the committee notes focus on a single 15-day time period that is not referenced anywhere in the rule, both courts and commentators have urged this Court to amend the speedy trial rule in order to reflect the original intent of the drafters who created the rule. For example, just three years after the speedy trial rule was amended to include the recapture window, the Second District Court of Appeal urged this Court to revisit the rule. See Ricci v. Parker, 518 So. 2d 284, 286, 287 & n.2 (Fla. 2d DCA 1987). The Second District, noting the conflict between the plain language of the rule and the drafters' clear intent, as evidenced in the committee notes to the rule, stated that it was aware of "the possibility that

the rule as presently worded affords potential for abuse, or at least for laxity," but concluded that remedying this defect was "a matter for the attention of the rules committee and the supreme court." Id. at 287.

Similarly, Professor John Yetter, who analyzed the conflict between the plain language of the rule and the intent of the rule as reflected in its commentary, concluded that this Court should resolve this conflict by restricting the recapture window to "15 days following the filing of a meritorious motion for discharge by the defendant." John F. Yetter, Florida's New Speedy Trial Rule: "The Window of Recapture", 13 Fla. St. U. L. Rev. 9, 12, 29 (1985). In my opinion, such an amendment would effectuate the clear intent of the drafters who created the rule and would address the concerns cogently articulated by the Second District.

Accordingly, I conclude that this Court should amend the speedy trial rule and that the amended version of the rule should, in my view, provide for a 15-day time period, initiated by the filing of the defendant's motion for discharge, during which the State could bring the defendant to trial, but would not allow the defendant to be brought to trial after the expiration of this single 15-day time period. Until the rule is amended, however, the plain language of the current rule, which nowhere mentions a 15-day period, must govern. I therefore concur in the majority, but urge this Court to consider amending the speedy trial rule to

effectuate the original intent of the drafters, who carefully chose fifteen days as the appropriate time period of the recapture window.

PERRY, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

      Fourth District – Case No. 4D11-4230

      (Palm Beach)

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Celia Terenzio, Chief Assistant Attorney General, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, Florida,

      for Petitioner

Anthony B. Britt of The Britt Law Firm, P.L., Miami, Florida,

      for Respondent