PER CURIAM.
We review the Fourth District Court of Appeal’s decision in State v. S.A., 96 So.3d 1133 (Fla. 4th DCA 2012), which the Fourth District certified is in direct conflict with the Fifth District Court of Appeal’s decision in State v. McFarland, 747 So.2d 481 (Fla. 5th DCA 2000), rev. denied, 767 So.2d 458 (Fla.2000), regarding how the speedy trial rule’s recapture window should be calculated.[1] Based on the plain language of the speedy trial rule, we approve the Fifth District’s decision in McFarland calculating the recapture window as two separate 5- and 10-day time periods and quash the Fourth District’s decision in S.A. calculating the window as a single 15-day period.
I. BACKGROUND
On Tuesday, September 27, 2011, S.A. filed a notice of expiration of speedy trial and a motion seeking a discharge under the speedy trial rule. S.A.’s motion triggered the speedy trial rule’s recapture window, which provides:
*508 No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.
Fla. R. Juv. P. 8.090(m)(3) (emphases added).
One week later, on Tuesday, October 4, the trial court held a hearing on S.A.’s motion and set trial for 10 days later (Friday, October 14). On the day of trial, which was 17 days after S.A. filed his motion, S.A. argued that he was entitled to a discharge because the State failed to bring him to trial within the 15-day recapture window. The State argued that the recapture window is not a single 15-day period but, instead, consists of two separate 5- and 10-day periods that are calculated pursuant to the computation of time rule. Accordingly, the State argued that it had brought S.A. to trial within the recapture window since the hearing was held within 5 days of the date S.A. filed his motion — excluding the intervening weekend and legal holiday (Jewish New Year) as required by the time computation rule — and since S.A. was brought to trial within 10 days of the hearing.[2] The trial court discharged S.A.
On appeal, the Fourth District affirmed and held that the recapture window is “ ‘one fifteen day time period’ ” which requires the State “to bring a defendant to trial within fifteen days of the defendant’s filing of the notice of expiration” regardless of how the deadline for the 5-day hearing is calculated or when the hearing is held. S.A., 96 So.3d at 1135 (quoting State v. J.G., 807 So.2d 748, 749 (Fla. 4th DCA 2002)). However, the Fourth District acknowledged that the Fifth District calculates the recapture window “as two separate but interrelated [5- and 10-day] time periods” and certified conflict with McFarland. Id.
II. ANALYSIS
Based on the plain language of the speedy trial rule, we approve the Fifth District’s decision in McFarland and quash the Fourth District’s decision below.[3] See Brown v. State, 715 So.2d 241, 243 (Fla.1998) (requiring that an “unambiguous” rule “be accorded its plain and ordinary meaning”).
*509 The speedy trial rule plainly provides for a recapture window that is comprised of up to 5 days for the hearing followed by 10 days for the trial; it never mentions a 15-day period.[4] See Fla. R. Juv. P. 8.090(m)(3); Fla. R.Crim. P. 3.191(p)(3); see also McFarland, 747 So.2d at 483 (holding that the State “was not required to bring [the defendant] to trial within fifteen days of the filing of his motion” for discharge but was, instead, required “to bring [him] to trial within ten days of the date of the hearing on the motion”). And, under the computation of time rule, intervening weekends and legal holidays are excluded in calculating the deadline for the 5-day hearing. See Fla. R. Jud. Admin. 2.514(a)(3); see also Baxter v. Downey, 581 So.2d 596, 599 (Fla. 2d DCA 1991) (explaining that the computation of time rule is used to calculate the recapture window’s “two separate time periods”); Ricci v. Parker, 518 So.2d 284, 287 (Fla. 2d DCA 1987) (concluding that reading the speedy trial rule together with the time computation rule “effectively requires a discharge hearing in five business days”), rev. denied, 519 So.2d 988 (Fla.1988).
Accordingly, because the State complied with the recapture window’s two separate time periods in this case, it timely brought S.A. to trial 17 days after he filed his motion for discharge. See State v. Thomas, 659 So.2d 1322, 1323 (Fla. 3d DCA 1995) (“In some cases[,] the total time from the filing of the notice of expiration to the last day of the window period will be less than fifteen days. In other cases, it will be more than fifteen days because the calculation of the initial five-day period excludes intervening weekends and holidays.”) (Cope, J., specially concurring). Therefore, S.A. was not entitled to a discharge.
III. CONCLUSION
For the above reasons, we quash the Fourth District’s decision below and remand to the trial court for further proceedings. We also approve the Fifth District’s decision in McFarland and the Second District’s decisions in Baxter and Ricci because they recognize that the recapture window is comprised of two separate time periods.
It is so ordered.
POLSTON, CJ., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion, in which PERRY, J., concurs.
QUINCE, J., dissents.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

. To calculate the deadline for the 5-day hearing, the State relied on the computation of time rule which provides that where the number of days for performing an act is less than 7, "intermediate Saturdays, Sundays, and legal holidays shall be excluded” in computing the deadline. Fla. R.J. Admin. 2.514(a)(3); see also Fla. R. Juv. P. 8.180(a) ("Computation of time shall be governed by Florida Rule of Judicial Administration 2.514[.]”).

. Our standard of review is de novo. See State v. Nelson, 26 So.3d 570, 573-74 (Fla.2010) ("[T]he interpretation of the rules of procedure with regard to the right to a speedy trial [is] a question of law subject to de novo review[.]”). Further, though the Fifth District applied the adult speedy trial rule in McFarland, the adult rule is nearly identical to the juvenile rule at issue here, and rule 2.514 is used to compute time under both rules. Compare Fla. R.Crim. P. 3.191 (p)(3), and Fla. R.Crim. P. 3.040, with Fla. R. Juv. P. 8.090(m)(3), and Fla. R. Juv. P. 8.180. Therefore, the recapture window is calculated the same under both rules. See Nelson, 26 So.3d at 575 ("[T]he Rules of Juvenile Procedure provide a right to a speedy trial with procedures analogous to the adult speedy trial rule[, including] a recapture provision that mirrors its adult counterpart.”) (citation omitted).

. We recognize that a committee note to the adult speedy trial rule provides that the "intent” of the recapture window is "to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge.” Fla. R.Crim. P. 3.191 committee notes (1984). However, "committee notes are only persuasive authority and are not binding; it is the intent of this Court in promulgating a rule of procedure, as expressed in the rule itself, that governs its interpretation.” D.K.D. v. State, 470 So.2d 1387, 1389 (Fla.1985).