DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**J.C.,** a child**,**
Appellee.

No. 4D13-3258

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos Rebollo, Judge; L.T. Case No. 13-2388 DL.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellee.

TAYLOR, J.

The state appeals an order dismissing the delinquency charge against J.C. after the trial court granted his motion for discharge under the speedy trial rule. Counsel for J.C. has conceded error. We accept the concession of error and reverse, because the trial court erred by calculating the recapture window as a single fifteen-day period. *See State v. S.A.*, 133 So. 3d 506, 509 (Fla. 2014).

J.C. was arrested on April 26, 2013, and was later charged by petition for delinquency with disruption of a school function. On July 29, 2013, J.C. filed a motion for discharge, arguing that the state had failed to bring him to an adjudicatory hearing within ninety days of his arrest, as required by the speedy trial rule. On August 5, 2013, the trial court conducted a "five-day hearing" and set the case for trial on August 14, 2013.

On August 14, 2013, the court held another hearing. The court noted that the case was set for trial that day. Defense counsel argued, however, that the case should be dismissed under the speedy trial rule because J.C. was not brought to trial within fifteen days of the date the motion for

discharge was filed. The prosecutor responded that the trial date was within ten days from the five-day hearing.

Relying upon our district's case law in effect at the time of the hearing, the trial court ruled that the speedy trial rule in juvenile cases provided for a single fifteen-day recapture period. *See State v. S.A.*, 96 So. 3d 1133 (Fla. 4th DCA 2012), *quashed*, 133 So. 3d 506 (Fla. 2014). The court thus granted the defendant's motion for discharge, as the trial date was set the sixteenth day after the motion for discharge and was beyond the fifteen-day recapture period. The trial court then dismissed the case. This appeal by the state followed.

On appeal, the state contends that the trial court erred in granting the motion to discharge because the court did not follow the procedure in the speedy trial rule. The rule requires a five-day hearing on the notice of expiration and then a ten-day period in which to bring the juvenile to trial. The state maintains that it brought J.C. to trial on the ninth day after the hearing on the notice of expiration, which was within the speedy trial recapture time.

The interpretation of the procedural rules governing the right to a speedy trial is a question of law subject to *de novo* review. *State v. Nelson*, 26 So. 3d 570, 573-74 (Fla. 2010).

Florida Rule of Juvenile Procedure 8.090(m)(3) states:

> No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.

Recently, the Florida Supreme Court held that "[t]he speedy trial rule plainly provides for a recapture window that is comprised of up to 5 days for the hearing followed by 10 days for the trial; it never mentions a 15–day period." *State v. S.A.*, 133 So. 3d 506, 509 (Fla. 2014). In so ruling, the supreme court quashed our decision in *State v. S.A.*, 96 So. 3d 1133 (Fla. 4th DCA 2012), which held that the recapture window should be construed as a single fifteen-day time period. *S.A.*, 133 So. 3d at 507-09. The supreme court explained that "under the computation of time rule, intervening weekends and legal holidays are excluded in calculating the

deadline for the 5–day hearing." *Id.* at 509.  Thus, where the state complies with the recapture window's two separate time periods, the defendant is not entitled to a discharge even if the trial occurs more than fifteen days after the defendant filed a motion for discharge.  *Id.*

Here, the motion for discharge was filed on July 29, 2013.  The five-day hearing was held on Monday, August 5, 2013.  The five-day hearing was timely, as the intervening weekend must be excluded in calculating the deadline.  The trial was then timely set for August 14, 2013, which was within ten days of the five-day hearing.  Therefore, because the state complied with the recapture window's two separate time periods, J.C. was not entitled to a discharge.  This is true even though the trial was set more than fifteen days from the date J.C. filed the motion for discharge.

Accordingly, we reverse the trial court's order dismissing the case and remand for further proceedings.

*Reversed and Remanded.*

WARNER and KLINGENSMITH, JJ., concur.

*             *             *

***Not final until disposition of timely filed motion for rehearing.***